[No. B058970. Second Dist., Div. Five. July, 9, 1992.]

MID-WILSHIRE ASSOCIATES, Plaintiff and Appellant, v.
WINIFRED K. O'LEARY et al., Defendants and Respondents.

**COUNSEL**

Nossaman, Guthner, Knox & Elliott, Karen McLaurin Chang and James C. Powers for Plaintiff and Appellant.

Solish, Jordan & Wiener, Lyn Skinner Foster and Jonathan Solish for Defendants and Respondents.

**OPINION**

**GRIGNON, J.**—Plaintiff and appellant Mid-Wilshire Associates purports to appeal from an order denying its petition to vacate or correct an arbitration award, as well as an earlier order compelling arbitration of its claims. Appellant is the lessee under a 99-year land lease between respondents Winifred K. and Charles O'Leary, and appellant's predecessor in interest. Respondent Wells Fargo Bank, N.A., succeeded to the interest of Charles

O'Leary. We conclude that the orders appealed from are not appealable and dismiss the appeal.

### FACTS AND PROCEDURAL BACKGROUND

The instant litigation concerns a 99-year land lease executed in 1967. The subject real property, which was vacant land at the time of the execution of the lease, is located on Wilshire Boulevard in Los Angeles. After entering into the lease, appellant's predecessor constructed a 20-story office building on the property. The lease provides that this improvement is the property of the lessee, not the lessor.

The lease includes a rent escalation clause. That clause provides that the rent shall be recomputed every 15 years, or sooner if the Consumer Price Index increases by more than 20 percent during a 15-year period, based on reappraisal of the "value of the demised premises, appraised as vacant land." The first reappraisal was to be made as of January 1, 1990. When the parties could not agree as to the value of the demised premises, respondents made a demand for arbitration under the terms of the lease.

On June 8, 1990, appellant filed a complaint for declaratory relief seeking a judicial declaration construing the reappraisal provision of the lease as providing for valuation of the demised premises as vacant land subject to the laws, zoning, and building requirements in force as of the date of appraisal. Respondents filed a petition to compel arbitration. The petition was granted and the matter arbitrated. According to appellant, the arbitrator improperly considered the size and nature of the improvements constructed on the demised premises in valuing the land.

Appellant moved to vacate or correct the arbitration award. That motion was denied on May 8, 1991, and appellant filed its notice of appeal on June 3, 1991. Respondents apparently filed a proposed judgment, which is not part of the record on appeal. On June 6, 1991, appellant filed objections to the form of the proposed judgment submitted by respondents. Appellant argued that no order confirming the arbitration award had been made, and no judgment could be entered without such an order. In addition, appellant maintained that the court lacked jurisdiction to confirm the arbitration award or enter judgment because of appellant's pending appeal.

### DISCUSSION

As a threshold issue, we address whether this court has jurisdiction to consider an appeal from the denial of appellant's motion to vacate or

correct the arbitration award. An aggrieved party may appeal from an order *dismissing* a petition to confirm, correct or vacate an award. (Code Civ. Proc., § 1294, subd. (b).) No appeal, however, will lie from an order *denying* vacation or correction of an arbitration award. (*Hyatt* v. *Eckel Valve Co.* (1959) 169 Cal.App.2d 35, 39 [336 P.2d 551]; *National Marble Co.* v. *Bricklayers & Allied Craftsmen* (1986) 184 Cal.App.3d 1057, 1060-1061, fn. 1 [229 Cal.Rptr. 653].) Such an order may be reviewed upon an appeal from the judgment of confirmation. (*Ibid.*; cf. *Jordan* v. *Pacific Auto. Ins. Co.* (1965) 232 Cal.App.2d 127, 129 [42 Cal.Rptr. 556].) Similarly, an order to compel arbitration is an interlocutory order which is appealable only from the judgment confirming the arbitration award and, in certain exceptional circumstances, by writ of mandate. (*United Firefighters* v. *Los Angeles* (1991) 231 Cal.App.3d 1576, 1581-1582 [283 Cal.Rptr. 8].) In this case, there is no judgment confirming the award. Accordingly, the appeal from the order compelling arbitration and the order denying the motion to vacate or correct the award must be dismissed.

■ Appellant requests that this court construe the order denying the petition to vacate or correct the arbitration award as an order dismissing a petition to vacate or correct an arbitration award, which construction would make the order appealable. (Code Civ. Proc., § 1294, subd. (b).) We decline to so construe the order.

The statute plainly provides for an appeal from an order "dismissing" a petition to vacate or correct an arbitration award. It makes no such provision for the denial of such a petition. Moreover, the Legislature was aware of the difference between "dismissing" and "denying" a petition, since it used both terms in a prior subdivision of the same statute. (Code Civ. Proc., § 1294, subd. (a), "dismissing or denying a petition to compel arbitration.") Further, dismissal of a petition to confirm, correct, or vacate may be brought *solely* on the ground that the respondent is not bound by the arbitration award and was not a party to the arbitration. (Code Civ. Proc., § 1287.2.) Thus, an order dismissing a petition to vacate or correct on the ground that the respondent is not bound by the arbitration agreement results in a final disposition of the proceeding with respect to that party and is, therefore, directly appealable. On the other hand, an order denying a petition to vacate on substantive grounds, which are enumerated in the applicable statute (Code Civ. Proc., § 1286.2), is not a final disposition and, therefore, is not directly appealable. (*Olivera* v. *Modiano-Schneider, Inc.* (1962) 205 Cal.App.2d 9, 10-11 [23 Cal.Rptr. 30]; *Hyatt* v. *Eckel Valve Co., supra,* 169 Cal.App.2d at p. 39; cf. *Arrieta* v. *Paine, Webber, Jackson & Curtis, Inc.* (1976) 59 Cal.App.3d 322, 326, [130 Cal.Rptr. 354], fn. 1; *Glesby* v. *Balfour, Guthrie & Co., Ltd.* (1944) 63 Cal.App.2d 414, 417 [63 Cal.App.2d 414, 147 P.2d 60]; *Jordan* v. *Pacific*

*Auto. Ins. Co.*, *supra*, 232 Cal.App.2d at p. 129.) Review of an order denying such a petition may be had upon appeal from the judgment of confirmation or by writ of mandate.[1]

■    Appellate jurisdiction is solely within the province of our Legislature, since the right to appeal is not conferred by our Constitution but by statute. (*Kinoshita* v. *Horio* (1986) 186 Cal.App.3d 959, 962 [231 Cal.Rptr. 241].) This court is without power to bestow jurisdiction on itself, nor may the parties create jurisdiction by consent, waiver, or estoppel.[2]

■    We also decline to assume jurisdiction by treating this appeal as a petition for writ of mandate. (*Olson* v. *Cory*, *supra*, 35 Cal.3d at pp. 398-401.) First, appellant has not expressly requested that we do so. Secondly, an adequate remedy lies in the direct appeal from the judgment. Finally, and most important, the interests of justice would not be served by treating the appeal as a petition for writ of mandate. The record reflects appellant deliberately appealed from the order denying its motion to vacate or correct so that it could prevent entry of a confirmation judgment. We will not engage in speculation as to appellant's motivations for so doing, but appellant must live with the consequences of its trial court strategy.[3]

If we were to do otherwise, we would ignore the mandate of our Supreme Court to reserve the exercise of that discretionary power for cases involving compelling evidence of "unusual circumstances." (35 Cal.3d at p. 401.) Strong policy reasons[4] underpin the one final judgment rule, and the guidelines for "saving" appeals from nonappealable orders. The interests of clients, counsel, and the courts are best served by maintaining, to the extent possible, bright-line rules which distinguish between appealable and

---

[1]In *Long Beach Iron Works, Inc.* v. *International Molders etc. of North America, Local 374* (1972) 26 Cal.App.3d 657 [103 Cal.Rptr. 200], this division erroneously implied that the difference between a denial of a petition to confirm and a dismissal of such petition may be a "distinction without a difference." (*Id.* at pp. 658-659, fn. 2.) In that case, however, on a motion for order confirming an arbitration award and a motion to vacate the award, an order was entered vacating the arbitration award, ordering the matter resubmitted to a different arbitrator and denying appellant's motion to confirm. Such order was clearly nonappealable under section 1294, subdivision (c) of the Code of Civil Procedure ("An aggrieved party may appeal from: . . . [¶] (c) an order vacating an award unless a rehearing in arbitration is ordered"). Accordingly, the appeal was dismissed on this ground.

[2]We also note that entry of the judgment of confirmation herein is not a mere formality. Respondent could conceivably move the court to enter a corrected judgment, i.e., one even more favorable to respondent. (Cf. *Dominguez* v. *City of Alhambra* (1981) 118 Cal.App.3d 237, 242 [173 Cal.Rptr. 345].)

[3]We note that this premature appeal appears to be the result of a calculated effort to block confirmation of the award and entry of judgment, not of counsel's inadvertence or neglect.

[4]See, e.g., the excellent discussion in *Kinoshita* v. *Horio*, *supra*, 186 Cal.App.3d at pages 966-967.

nonappealable orders. To treat the instant appeal as a writ application would obliterate that bright line and encourage parties to knowingly appeal from nonappealable orders, safe in the knowledge that their appeal will be "saved by the appellate courts." We cannot condone or encourage such practice.

## DISPOSITION

The appeal is dismissed. Respondents shall recover costs on appeal.

Turner, P. J., and Ashby, J., concurred.