Filed 3/4/21  Peters & Freedman, LLP v. Lowry CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| PETERS & FREEDMAN, LLP, | |
| Plaintiff and Respondent, | E072390 |
| v. | (Super.Ct.No. PSC1402720) |
| PATRICK LOWRY, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. James T. Latting, Judge. Affirmed.

Patrick Lowry, in pro per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Patrick Lowry appeals from a judgment confirming an arbitration award in favor of plaintiffs Peters & Freedman, LLP in a dispute over unpaid legal fees. Lowry argues the trial court erred by denying his petition to vacate the award. We disagree and affirm. As we explain, Lowry has provided an inadequate record to demonstrate trial court error, and in any event, his arguments for vacating the award fail on their merits.

## I

## FACTS

In 2014, the law firm of Peters & Freedman, LLP (plaintiffs) filed a complaint against Lowry alleging he owed them $51,025.38 in legal fees for litigation and general counsel services. The record Lowry designated on appeal is limited. The register of actions reflects that after several delays due to discovery disputes and a failure to reach a settlement agreement, the parties agreed to submit the case to binding arbitration. After additional discovery delays, as well as issues with Lowry's health and his reluctance to participate in arbitration, the arbitration hearing took place in August 2018. The arbitrator heard testimony from Lowry and two of plaintiffs' witnesses and admitted various documents into evidence.

On September 21, 2018, the arbitrator issued a written award finding in favor of plaintiffs and awarding them $46,735.38 in damages and $3,383.98 in costs. The arbitrator found that plaintiffs had proved Lowry became their client in 2009 by signing a written legal services agreement and then failed to pay for the services rendered.

However, the arbitrator also found that Lowry had proved that plaintiffs had overbilled him for 13.5 hours of a particular attorney's time and therefore subtracted that amount from the $51,025.38 plaintiffs demanded (resulting in the $46,735.38 figure).

The arbitrator rejected Lowry's argument that because plaintiffs had provided legal services to the companies he owned or controlled they had sued the wrong party (by suing him in his personal capacity) and instead should have sued his companies. Finally, the arbitrator found Lowry had failed to prove his cross-claims of breach of contract, fraud, and elder abuse, for which he sought over $200,000 in damages.

On January 29, 2019, the trial court granted plaintiffs' petition to confirm the arbitration award and entered judgment against Lowry for a total of $50,119.36. Lowry filed a petition to vacate the arbitration award, which plaintiffs opposed. Lowry's petition asserted the following grounds for vacating the award: the arbitrator substantially prejudiced his rights by refusing to postpone the evidentiary hearing and allowing plaintiffs to delay in producing evidence; the arbitrator's award was contrary to the weight of the evidence; and the trial court exceeded its jurisdiction by sending the case to arbitration.

The trial court held a hearing on the petition on March 15, 2019. Lowry, who was representing himself, as he is on appeal, presented oral argument and plaintiffs submitted on their opposition brief. The trial court denied Lowry's petition. It concluded he had not demonstrated that his rights were prejudiced by any discovery delay or that he wasn't able to present a defense at the evidentiary hearing. The court also concluded that

3

Lowry's sufficiency of the evidence claim failed because courts must defer to an arbitrator's decision and will not review the sufficiency of the evidence supporting an arbitration award. Finally, as to Lowry's claim of trial court error in compelling the parties to continue arbitration, the court found that was not a valid ground for vacating an arbitration award under the governing statutory provision, Code of Civil Procedure section 1286.2.

## II

## ANALYSIS

Lowry argues the trial court's ruling was in error.[1] His opening brief asserts the same grounds for vacating the arbitration award as his petition before the trial court, but also contains additional arguments for vacating the award not argued before the trial court. For example, he argues that plaintiffs' complaint failed to allege sufficient facts to state a cause of action and that the law firm has since dissolved under suspicious circumstances. As an initial matter, we will not consider arguments not raised in the trial court. (See, e.g., *In re Marriage of Brewster & Clevenger* (2020) 45 Cal.App.5th 481,

---

[1] In his notice of appeal, Lowry identified the order denying his petition to vacate the arbitration award as the trial court action he was appealing. Because such an order is not appealable, and it's reasonably clear he meant to appeal from the January 29, 2019 judgment in favor of plaintiffs, we have liberally construed his notice of appeal to be taken from the judgment. (*Luz v. Lopes* (1960) 55 Cal.2d 54, 59 [courts should construe notices of appeal liberally "if it is reasonably clear what appellant was trying to appeal from"]; *Mid-Wilshire Associates v. O'Leary* (1992) 7 Cal.App.4th 1450, 1454 [an appeal lies from the judgment confirming the arbitration award, not from an order denying a petition to vacate the arbitration award].)

510 [as a matter of "'common notions of fairness,'" parties "cannot argue theories on appeal that they did not present in the trial court"].)[2]

Turning to the arguments Lowry did make in the trial court, we note two fundamental principles of appellate review of significance here. First, we presume the challenged judgment or order of the trial court is correct, and it is the appellant's burden to demonstrate otherwise. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) The appellant "has the burden of showing reversible error by an adequate record." (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574.) Second, and a necessary corollary to this rule, "'is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed.'" (*Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416.) Thus, where the appellant fails to provide an adequate record on any issue they raise on appeal, we must presume the trial court's decision is correct and resolve the issue against them. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296.)

As we've noted, the record Lowry designated on appeal is rather limited. True, this case has a long, tortured procedural history (or so we have gleaned from the register of actions) and Lowry's appeal pertains to one discrete aspect of the case. But even so, Lowry did not include in the appellate record the documents essential to resolving that discrete issue. The only relevant documents in the appellate record related to Lowry's

---

[2] For this reason, we also deny Lowry's requests to submit new evidence on appeal (dated November 6 and November 13, 2019). The evidence he seeks to submit relates to his claims about plaintiffs' postjudgment dissolution and is irrelevant to the issue on appeal.

petition to vacate the arbitration award are the petition itself and the transcript of the hearing on the petition. Significantly, Lowry failed to designate plaintiffs' opposition to his petition to vacate the arbitration award for inclusion in the clerk's transcript. Without plaintiffs' opposition, "we cannot review the basis of the court's decision" and thus must resolve the issue against him. (See *Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502 [affirming challenged ruling because appellant failed to include the relevant opposition papers in the appellate record].)

Lowry "is not exempt from the foregoing rules because he is representing himself on appeal." (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247.) A party appearing without counsel "'is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys.'" (*Id.* at p. 1247 [self-represented litigants must follow the correct rules of procedure].) But in any event, the record we do have reveals an appropriate basis for the trial court's decision.

According to the register of actions, the parties stipulated to binding arbitration on January 13, 2017, at a hearing before the trial court. "[I]t is the general rule that parties to a private arbitration impliedly agree that the arbitrator's decision will be both binding and final," and to further the parties' intent, the courts should keep judicial intervention in the arbitration process to a minimum. (*Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 9 (*Moncharsh*).) "The arbitrator's decision should be the end, not the beginning, of the dispute." (*Id.* at p. 10.) As a result, the merits of arbitrated disputes generally are not subject to judicial review. (*Id.* at p. 11.) Courts will not review an arbitrator's decision for

errors of fact or law, including any errors in the arbitrator's reasoning and the sufficiency of the evidence supporting the award. (*Ibid.*) Even "an error of law apparent on the face of the award that causes substantial injustice does not provide grounds for judicial review." (*Id.* at p. 33.) By voluntarily submitting their dispute to arbitration, the parties assume the risk the arbitrator may make a mistake. (*Ibid.*)

To guard against serious errors in the arbitration award and ensure overall fairness in the arbitration process, the Legislature has authorized limited judicial review of arbitration awards and the vacation of an award on the specific grounds enumerated in Code of Civil Procedure section 1286.2. (*Moncharsh*, *supra*, 3 Cal.4th at p. 12; see also *Haworth v. Superior Court* (2010) 50 Cal.4th 372, 387.) Those grounds are: (1) the prevailing party procured the award by "corruption, fraud or other undue means"; (2) the arbitrator engaged in "corruption"; (3) the arbitrator engaged in "misconduct" that "substantially prejudiced" a party's rights; (4) the arbitrator "exceeded their powers" and the award cannot be corrected without affecting its merits; (5) the arbitrator "substantially prejudiced" a party's rights by refusing to postpone the hearing despite "sufficient cause" or by refusing to hear "material" evidence; and (6) the arbitrator failed to make mandatory disclosures or failed to disqualify himself or herself when required. (Code Civ. Proc., § 1286.2, subd. (a).)

Lowry has not shown that any of these grounds apply in this case. His claim that the trial court erred in compelling the case to arbitration is neither a ground for vacating the award nor is it borne out by the record, which reflects he agreed to submit to binding arbitration. His claim that the award is contrary to the evidence presented at the hearing is also not a ground for vacating the award, as it amounts to a request that we review the arbitrator's decision for errors of fact or law. (*Moncharsh*, *supra*, 3 Cal.4th at p. 11.) Finally, his conclusory claims that his rights were "substantially prejudiced" by the arbitrator's discovery rulings and refusal to continue the hearing do not warrant vacating the award. As the trial court reasoned, Lowry failed to demonstrate how either allegation, even if true, affected his ability to present a defense to plaintiffs' claim of unpaid legal fees. And, even if he had been able to demonstrate prejudice, Code of Civil Procedure section 1286.2 also requires that the arbitrator's conduct rise to the level of "corruption" or "misconduct" to warrant disturbing the award. Lowry has not demonstrated corruption or misconduct on the part of the arbitrator.

We conclude Lowry has failed to carry his appellate burden of demonstrating error in the trial court's decision to deny his motion to vacate and enter judgment in favor of plaintiffs.

## III

## DISPOSITION

We affirm the judgment. Lowry shall bear his costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

SLOUGH _____
J.

We concur:

McKINSTER _____
Acting P. J.

RAPHAEL _____
J.