Filed 6/17/21  Fuller v. Aguilar CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| JOHN FULLER et al.,<br><br>     Plaintiffs and Respondents,<br><br>     v.<br><br>EMMANUEL AGUILAR et al.,<br><br>     Defendants and Appellants. | D076867<br><br><br>(Super. Ct. No. 37-2016-00025334-CU-OR-CTL) |


APPEAL from a judgment of the Superior Court of San Diego County, Katherine A. Bacal, Judge.  Affirmed and remanded with directions.

Law Office of Julie M. Hamilton and Julie M. Hamilton for Defendants and Appellants.

Law Offices of Perez & Associates and Letitia A. Perez for Plaintiffs and Respondents.

# I.

## INTRODUCTION

Defendants Emmanuel and Dinna Aguilar (Aguilars) appeal a judgment of the superior court confirming an arbitration Award (Award) in favor of plaintiffs John and Kimberly Fuller (Fullers).

The Fullers and Aguilars are neighbors, and the Fullers' home is located uphill from the Aguilars' home. The underlying dispute between the parties pertained to the Fullers' request that the Aguilars trim a tree on the Aguilars' property, which the Fullers alleged blocked the Fullers' view, in contravention of a provision in the governing Master Declaration of Restrictions (hereafter "CC&Rs").

While litigation over the dispute was pending, the parties entered a stipulation to resolve their dispute by way of binding arbitration. After conducting an arbitration, the arbitrator entered an Award in favor of the Fullers, citing the relevant provision from the CC&Rs and finding that the Aguilars' tree "materially obstructs the Fullers' ocean view." The Aguilars opposed confirmation of the Award, raising numerous arguments, including that the arbitrator exceeded his powers by "re-writing" the relevant provision of the CC&Rs and failing to follow rules requiring that the arbitrator be guided by the applicable law.

On appeal, the Aguilars renew these arguments. We affirm the judgment confirming the Award.

# II

## FACTUAL AND PROCEDURAL BACKGROUND

A. *The CC&Rs*

The Aguilars and the Fullers live in a neighborhood governed by the CC&Rs. One of the CC&Rs provides:

2

" 'All trees, hedges and other plants shall be trimmed by the Owner of the Lot upon which the same are located so that the same always have a well-maintained appearance and *do not materially obstruct the view* from any other Owner's lot.' "  (Italics added & boldface omitted.)

B.  *The dispute*

Beginning in approximately 2012, the Fullers and the Aguilars became embroiled in a dispute related to the height of one of the Aguilars' trees.  The Fullers contended that the tree materially obstructed their view, in violation of the CC&Rs.  In July 2016, the Fullers filed a complaint in the superior court seeking injunctive and declaratory relief, among other forms of relief.[1]

In August 2018, the parties entered in a stipulation pursuant to which they agreed to submit their dispute to "binding arbitration."

C.  *The arbitration*

The arbitrator issued the Award in April 2019.  In the ruling, the arbitrator stated, "The Fullers' home is located directly above the Aguilars' property at a higher elevation, which allows the Fullers to see above the top of the Aguilars' home in a panoramic view to the Pacific Ocean in the distance."  After quoting the applicable provision in the CC&Rs and noting that the arbitrator had conducted a site inspection of the properties, the arbitrator ruled in relevant part:

"Judgment is granted for the Fullers.  Their request for injunctive relief is granted.  Based on the evidence adduced at the arbitration hearing and upon the arbitrator's view of the properties at the site inspection, the arbitrator finds that [the Aguilars' tree] materially obstructs the Fullers' ocean view.  The Aguilars must maintain [the tree] so that it does not materially obstruct the ocean view of the Fullers.  The height of [the tree] should be reduced so that

---

[1]     The complaint is not in the record.  We base our summary on the arbitrator's description of the complaint in the arbitrator's ruling.

3

it does not exceed the height of the adjoining fence between the Fullers' and Aguilars' property; alternatively, the tree should be removed."

The arbitrator also ordered the Aguilars to pay the Fullers $50,000 in attorney fees and $7,369.83 in costs.

D. *Proceedings in the superior court*

The Aguilars filed a petition to vacate the Award in July 2019. The Fullers filed a petition to confirm the Award the following month.

In their briefing, the Aguilars raise numerous arguments in support of their contention that the Award should be vacated, including that the arbitrator exceeded his powers by " 're-writing' the wording of the CC&Rs" by "insert[ing] . . . the term 'ocean' into the CC&R's view provision." The Aguilars also argued that the arbitrator "completely ignore[d] applicable substantive law," (emphasis omitted) in contravention of the rules governing the arbitration.

After a hearing, the superior court entered an order denying the Aguilars' petition to vacate the Award and granting the Fullers' petition to confirm the Award. The superior court reasoned in part:

> "The Aguilars argue the arbitrator violated their rights and ignored the applicable law by 're-writing' the [CC&Rs] to insert the term 'ocean' into the view provision and imposing his own subjective view of a material obstruction. An arbitrator exceeds his or her powers only if the award 'violates a statutory right or otherwise violates a well-defined public policy.' [Citation.] [¶] The arbitrator was clearly empowered to decide whether the tree materially obstructed the Fullers' view. As the Aguilars acknowledge, the arbitrator 'is guided by the substantive law the arbitrator determines to be appropriate.' [Citation.] The arbitrator saw the property and heard testimony on the issue. The evidence included the [CC&Rs], which requires vegetation to be maintained so as not to 'materially

4

obstruct the view from any other Owner's Lot.' [Citation.] According to the Aguilars, Mr. Fuller testified that the tree only blocked [seven and a half] degrees of his ocean view &#190 [*sic*]; of the year.[2] [Citation.] Even if the arbitrator misapplied the law (which the Aguilars have not shown), or reached an erroneous conclusion, such errors are not grounds for vacating the award. [Citation.] Thus, the Court is not required to vacate the award . . . ."

E. *The appeal*

In October 2019, the Aguilars filed an appeal from the superior court's order denying the Aguilars' petition to vacate the Award and granting the Fullers' petition confirming the Award. As explained in footnote 3, *post,* we treat the Aguilars' appeal as having been properly brought from the subsequently entered judgment confirming the Award.

F. *The judgment*

In November 2019, the trial court entered a judgment in favor of the Fullers and against the Aguilars, in accordance with the Award.[3]

---

2    It appears from the record that the court intended to state, "three fourths . . . of the year," in this portion of its order.

3    While an order *dismissing* a petition to vacate an arbitration award is appealable (Code Civ. Proc., § 1294, subd. (b)), an order *denying* a petition to vacate is not appealable. (*Mid-Wilshire Associates v. O'Leary* (1992) 7 Cal.App.4th 1450, 1454 [appeal dismissed because an order denying a motion to vacate an arbitration award is not an appealable order].) However, a judgment confirming an arbitration award is appealable. (Code Civ. Proc., §§ 904.1, 1294, subd. (d).)

Further, the Court of Appeal may "elect[ ] to treat the premature notice of appeal as from the subsequently entered judgment," and we do so here. (*Dept. of Human Res. v. Internat. Union of Operating Engineers* (2020) 58 Cal.App.5th 861, 872.)

## III.

## DISCUSSION

A. *The arbitrator did not exceed his powers and, thus, the superior court properly granted the Fullers' petition to confirm the Award and properly denied the Aguilars' motion to vacate the Award*

The Aguilars contend that the arbitrator exceeded his powers and that the superior court therefore erred in granting the Fullers' petition to confirm the Award and denying the Aguilars' motion to vacate the Award. The Aguilars raise two arguments in support of this contention. First, they argue that the Award violates their right to the free use of their land. Second, they argue that the arbitrator failed to follow the rules agreed upon by the parties for conducting the arbitration. After outlining the law and standard of review relevant to both contentions, we consider each argument in turn.

1. *Governing law and standard of review*

Code of Civil Procedure section 1286.2, subdivision (a), provides in relevant part, "[T]he court shall vacate the award if the court determines any of the following: [¶] . . . [¶] (4) The arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted."

"This exception is narrowly construed." (*Emerald Aero, LLC v. Kaplan* (2017) 9 Cal.App.5th 1125, 1138 (*Emerald Aero, LLC*).) "California law is clear that 'arbitrators do not "exceed[ ] their powers" . . . merely by rendering an erroneous decision on a legal or factual issue, so long as the issue was within the scope of the controversy submitted to the arbitrators.' " (*Safari Associates v. Superior* Court (2014) 231 Cal.App.4th 1400, 1403–1404; e.g., *Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 28 (*Moncharsh*) [ordinarily, "it is within the 'powers' of the arbitrator to resolve the entire 'merits' of the 'controversy submitted' by the parties"].)

6

" 'In determining whether an arbitrator exceeded his powers, we review the trial court's decision de novo, but we must give substantial deference to the arbitrator's own assessment of his contractual authority. [Citation.]' " (*Kelly Sutherlin McLeod Architecture, Inc. v. Schneickert* (2011) 194 Cal.App.4th 519, 528.)

2. *The Aguilars are not entitled to vacatur of the Award on the ground that the arbitrator exceeded his powers by violating the Aguilars' right to the free use of their land*

The Aguilars contend that the Award violates their right, under California law, to the free use of their land.

The Aguilars acknowledge both that a right to a view may be created under California law "through the adoption of enforceable covenants, codes and restrictions," and that "[t]he CC&Rs required the landscaping be maintained so as not to materially obstruct the Fuller[s'] view from their lot." However, the Aguilars contend that the arbitrator interpreted the CC&Rs landscaping mandate in contravention of California law, which requires that " 'restrictive covenants [be] construed strictly against the person seeking to enforce them, and any doubt will be resolved in favor of free use of land.' " (Quoting *Eisen v. Tavangarian* (2019) 36 Cal.App.5th 626, 635.)

The Aguilars support this claim with two arguments. First, they refer to a photograph of the properties in question in their brief and state:

> "As the above picture demonstrates, the Canary Island pine in question minimally impacts the Fuller[s'] view if they were standing at their fence line. As can also be seen, the Fuller[s'] own landscaping has a much more substantial impact on the Fuller[s'] view. The Aguilar[s'] expert landscaper, . . . was of the opinion the Canary Island pine at issue did not materially block the Fuller[s'] view."

7

Second, the Aguilars argue that the arbitrator erred in "repeatedly assert[ing] [in its ruling that] the [tree in question] materially obstructs the Fullers' *ocean* view." (Italics added.) The Aguilars note that the CC&Rs "make no mention of *ocean* views" (italics added) and they contend that "[b]y artificially limiting the view to the *ocean* view," (italics added) the arbitrator reached a result that is in conflict with California public policy favoring the free use of land.

These contentions amount to nothing more than an attempt to litigate legal and factual determinations made by the arbitrator, a practice plainly contrary to California law. (*Heimlich v. Shivji* (2019) 7 Cal.5th 350, 367 [" '[B]y voluntarily submitting to arbitration, the parties have agreed to bear the risk [of uncorrectable legal or factual error] in return for a quick, inexpensive, and conclusive resolution to their dispute,' " quoting *Moncharsh*, *supra*, 3 Cal.4th at p. 11, bracketed text added in *Heimlich*].)

As the superior court stated, "The arbitrator was clearly empowered to decide whether the tree materially obstructed the Fullers' view. . . . Even if the arbitrator misapplied the law (which the Aguilars have not shown),[4] or reached an erroneous conclusion, such errors are not grounds for vacating the award. [(*Moncharsh*, *supra*, 3 Cal.4th at p. 11.)]" Well said. The Aguilars' contention to the contrary on appeal is borderline frivolous and we emphatically reject it.

---

4     The arbitrator's references to an "ocean view" in the Award can reasonably be understood simply as shorthand for an aspect of what the Fullers' "view" comprised. The CC&Rs require that owners trim their trees, hedges and other plants so that they do not materially obstruct the view from any other owner's lot. The Fullers' view happens to include a view of the ocean. However, even assuming that the arbitrator misinterpreted the CC&Rs, any such misinterpretation would amount to unreviewable legal error. (*Moncharsh*, *supra*, 3 Cal.4th at p. 11.)

Accordingly, we conclude that the Aguilars are not entitled to vacatur of the Award on the ground that the arbitrator exceeded his powers by violating the Aguilars' right to the free use of their land.

   3.  *The Aguilars are not entitled to vacatur of the Award on the ground that the arbitrator failed to follow the rules agreed upon by the parties for conducting the arbitration*

The Aguilars also contend that the arbitrator failed to follow the rules agreed upon by the parties for conducting the arbitration. Specifically, the Aguilars note that the stipulation for arbitration provided that the arbitration would be conducted pursuant to the rules of Judicate West Alternative Dispute Resolution. Rule 1.A of those rules states that the arbitrator will "render a decision or award based upon the evidence presented and the applicable law."[5] The Aguilars contend that the arbitrator failed to render a decision based on the "applicable law," by failing to "resolve any ambiguity [in the CC&Rs] against the party seeking enforcement and in favor of the free use of land."

In *Gueyffier v. Ann Summers, Ltd.* (2008) 43 Cal.4th 1179 (*Gueyffier*), the California Supreme Court summarized the law governing an arbitrator's powers under an arbitration agreement and emphasized that any limitations on those powers must be explicitly stated in the agreement:

---

[5]   In the trial court, the Aguilars referenced Rule 12.B of Judicate West Alternative Dispute Resolution, which states that the arbitrator will be " 'guided by the substantive law the Arbitrator determines to be appropriate.' " We assume for purposes of this decision that the Aguilars preserved their argument as to Rule 1.A, even though it does not appear that they presented any argument as to Rule 1.A in the trial court.

"When parties contract to resolve their disputes by private arbitration, their agreement ordinarily contemplates that the arbitrator will have the power to decide any question of contract interpretation, historical fact or general law necessary, in the arbitrator's understanding of the case, to reach a decision. [Citations.] . . . [¶] An exception to the general rule assigning broad powers to the arbitrators arises when the parties have, in either the contract or an agreed submission to arbitration, *explicitly and unambiguously* limited those powers. [Citation] 'The powers of an arbitrator derive from, and are limited by, the agreement to arbitrate. [Citation.] Awards in excess of those powers may . . . be . . . vacated by the court.' [Citation.] The scope of an arbitrator's authority is not so broad as to include an award of remedies '*expressly forbidden* by the arbitration agreement or submission.' " (*Id.* at pp. 1184–1185, italics added.)

The Aguilars' repackaging of the argument that we rejected above pertaining to California public policy and their contention that the arbitrator failed to follow a broad mandate to "render a decision or award based upon the evidence presented and the applicable law," clearly does not demonstrate that the arbitrator violated an explicit and unambiguous limitation on his powers. (See *Gueyffier*, *supra*, 43 Cal.4th at pp. 1184–1185; *Emerald Aero, LLC*, *supra*, 9 Cal.App.5th at p. 1140 [stating that an award will be vacated as being in excess of the arbitrator's authority only when the arbitrator violates " 'specific restrictions' " on his conduct]; *Moncharsh*, *supra*, 3 Cal.4th at p. 11 ["an arbitrator's decision cannot be reviewed for errors of fact or law"].)

Accordingly, we conclude that the arbitrator did not fail to follow the rules agreed upon by the parties for conducting the arbitration.

4. *Conclusion*

The Aguilars have not demonstrated that the arbitrator exceeded his powers by violating the Aguilars' right to the free use of their land or in failing to follow the rules of the arbitration. (Code Civ. Proc., § 1286.2, subd. (a)(4).) Accordingly, we conclude that the superior court properly granted the Fullers' petition to confirm the Award and properly denied the Aguilars' motion to vacate the Award.

B. *The case is remanded to the superior court for consideration of the Fullers' request for attorney fees incurred on appeal*

In their respondents' brief, the Fullers contend that they are entitled to an award of attorney fees incurred on appeal.

" 'Although this court has the power to fix attorney fees on appeal, the better practice is to have the trial court determine such fees.' " (*Huntingdon Life Sciences, Inc. v. Stop Huntingdon Animal Cruelty USA, Inc.* (2005) 129 Cal.App.4th 1228, 1267.) Without determining that the Fullers are entitled to such fees or the amount thereof, we remand the case to the superior court with directions to determine whether the Fullers are entitled to attorney fees incurred on appeal, and if so, the amount of such fees. (See *ibid.* ["On remand, the trial court is to consider whether under the circumstances of this case the defendants are entitled to fees and, if so, the amount"].)

## IV.

## DISPOSITION

The superior court's judgment confirming the Award is affirmed. The matter is remanded with directions to the superior court to consider the

11

Fullers' request for attorney fees incurred on appeal.  The Fullers are entitled to costs on appeal.

AARON, J.

WE CONCUR:

HUFFMAN, Acting P. J.

DO, J.