Filed 2/23/22  Ortiz v. Related Management Co. CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

|  |  |
|---|---|
| MARCO ORTIZ,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>RELATED MANAGEMENT COMPANY, L.P.,<br><br>    Defendant and Respondent. | B307902<br><br>(Los Angeles County Super. Ct. No. BC718443) |

APPEAL from an order of the Superior Court of Los Angeles County, Randolph M. Hammock, Judge.  Appeal dismissed.

Law Offices of Ramin R. Younessi, Ramin R. Younessi, Samantha L. Ortiz, and Genicis Aguilar for Plaintiff and Appellant.

Greenberg Traurig, Karin L. Bohmholdt, Lindsay E. Hutner, and Tayanah C. Miller for Defendant and Respondent.

_____

Marco Ortiz sued Related Management Company (Related) alleging employment discrimination and violations of the Labor Code, among other causes of action. The trial court ordered all of the matter except for a Private Attorneys General Act (PAGA) claim (Lab. Code, §§ 2698 et seq.) to arbitration. The arbitrator granted Related's motion for summary adjudication in the arbitration proceeding. Related moved the trial court for an order confirming the arbitration award, and Ortiz filed a motion to vacate the arbitration award. The trial court granted the motion to confirm the award and denied Ortiz's motion to vacate the award.

Ortiz's PAGA claim remains pending in the trial court, and no judgment has been entered in this matter. Because the record contains neither an appealable order nor a judgment, we dismiss the appeal.

## BACKGROUND

Ortiz's complaint alleges that he was wrongfully terminated on January 22, 2018. Based on his termination and other allegations in the complaint, Ortiz filed suit on August 22, 2018, alleging 16 causes of action against Related. In response, Related filed a motion to compel arbitration and to stay the action. The trial court granted Related's motion and ordered the matter to arbitration.

In its March 4, 2019 order granting Related's motion to compel arbitration and stay the action, the trial court stated that the "motion to compel arbitration is GRANTED, except as to the PAGA claim, which shall remain pending in this litigation. This litigation is ordered stayed pending arbitration . . . ." The next substantive entry on the trial court docket is a February 21, 2020

2

notice of hearing on Related's petition to confirm the arbitration award.[1]

Related's petition to confirm the arbitration award contained a request that the trial court "[c]onfirm the [arbitration] award, and enter judgment according to it." Ortiz later filed a motion to vacate the arbitration award. Both motions were eventually set for hearing on July 15, 2020.

In a tentative ruling that became the trial court's order, the trial court denied Ortiz's petition to vacate the arbitration award and granted Related's petition to confirm the arbitration award. The trial court's minute order from the July 15, 2020 hearing notes that the hearing was about a "petition to Confirm Arbitration Award and Enter Judgment thereon and Hearing on Motion to Vacate Arbitration Award." Neither the minute order nor the trial court's written tentative ruling purports to have granted Related's request to enter judgment. Nothing in the record indicates that the PAGA claim that remained in the trial court and was stayed pending arbitration has been disposed of or that judgment has been entered in this case.

Ortiz filed a notice of appeal on September 11, 2020, purporting to appeal from "An Order Confirming Arbitration Award pursuant to Code of Civil Procedure section 1285 et seq."

We requested supplemental briefing from the parties regarding whether the "trial court's order granting a motion to

---

[1] The arbitrator's final award in the matter characterizes Related's motion as a "motion for summary adjudication," which the arbitrator "granted in its entirety." "As such," the arbitrator wrote, "all claims within Claimant's Demand for Arbitration are dismissed with prejudice. [¶] Accordingly, this Final Award has resolved all claims submitted for decision in this [arbitration] proceeding."

3

confirm the arbitration award and denying a motion to vacate the arbitration award [is] an appealable order or judgment," citing *Cooper v. Lavely & Singer Professional Corp.* (2014) 230 Cal.App.4th 1, 10, footnote 3 (*Cooper*), *Cummings v. Future Nissan* (2005) 128 Cal.App.4th 321, 326-327 (*Cummings*), *Mid-Wilshire Associates v. O'Leary* (1992) 7 Cal.App.4th 1450, 1453-1454, (*Mid-Wilshire*), *National Marble Co. v. Bricklayers & Allied Craftsmen* (1986) 184 Cal.App.3d 1057, 1060, footnote 1, and Code of Civil Procedure sections 1287.4 and 1294.

## DISCUSSION

"As a threshold issue, we address whether this court has jurisdiction to consider an appeal from the denial of appellant's motion to vacate . . . the arbitration award. An aggrieved party may appeal from an order *dismissing* a petition to confirm, correct or vacate an award. [Citation.] No appeal, however, will lie from an order *denying* vacation or correction of an arbitration award. [Citations.] Such an order may be reviewed upon an appeal from the judgment of confirmation." (*Mid-Wilshire*, *supra*, 7 Cal.App.4th at pp. 1453-1454, original italics.) Likewise, "[a]n appeal lies only from the *judgment* entered on an order confirming an arbitration award, not from the order." (*Cummings*, *supra*, 128 Cal.App.4th at p. 326, original italics.)

"In this case, there is no judgment confirming the award. Accordingly, the appeal from the order . . . denying the motion to vacate . . . the award must be dismissed." (*Mid-Wilshire*, *supra*, 7 Cal.App.4th at p. 1454.)

Ortiz argues that *Cooper* suggests we should deem the notice of appeal premature and decide the appeal on the merits absent a judgment. "This Court," Ortiz contends, "should follow

4

the example of [*Cooper*] and not hold the premature filing of the notice of appeal against Appellant."

*Cooper* does not support Ortiz's contention.  In full, the *Cooper* court stated:  "We note that Cooper's notice of appeal was premature, as it was filed prior to the entry of the judgment. Neither an order confirming an arbitration award nor an order denying a petition to vacate or correct an arbitration award is appealable; such orders are reviewable only from a judgment on an order confirming the award.  [Citations.]  However, because respondents have not objected to Cooper's premature notice of appeal, we find good cause to treat the notice as having been filed *immediately after the October 4, 2013 judgment*."  (*Cooper*, *supra*, 230 Cal.App.4th at p. 10, fn. 3, italics added.)

The *Cooper* court made clear, then, *that a judgment had been entered in that matter, from which it could deem a notice of appeal as having been taken*.  Indeed, *Cooper* cited California Rules of Court, rule 8.104(d), which states, under a heading entitled "Premature notice of appeal," that "[a] notice of appeal filed *after judgment is rendered* but before it is entered is valid and is treated as filed immediately *after entry of judgment*" and that "[t]he reviewing court may treat a notice of appeal filed after the superior court has announced its intended ruling, but before it has rendered judgment, as filed *immediately after entry of judgment*."  (Italics added.)

The record indicates and the parties agree that there has been no judgment in this matter.  There is thus no means by which we could treat any notice of appeal as having been filed *after entry of a judgment*.

For its part, Related acknowledges that neither a judgment nor an appealable order exists in the record on this appeal.

Related argues, however, that we should exercise discretion to treat this matter as a writ, primarily because "requiring the PAGA claim to be litigated and resolved in the first instance would lead to unnecessary trial court and appeal proceedings." For us to treat the matter as a "writ proceeding would serve both judicial economy and the parties' own resources," Related contends.

We disagree. Based on arguments regarding Ortiz's PAGA claim that Related and Ortiz raised for the first time in their supplemental briefs, it is far from evident that the parties have made all of the arguments they intend to make regarding the still-pending PAGA claim. Related contends that the arbitrator's award resolved Ortiz's PAGA claim "in effect" because Ortiz "lost standing to pursue his PAGA claim the moment the [a]rbitrator ruled that [he] did not suffer any Labor Code violations." At argument, however, Ortiz insisted that even the threshold issue of whether Ortiz is an "aggrieved employee" for purposes of a PAGA claim is still a live question. And even if he is not, Ortiz told us at oral argument, substitution of other parties or litigation of other issues that counsel identified at argument (and perhaps litigation of issues that counsel has not yet identified for us) may foreclose the trial court's immediate entry of judgment in this matter. Even if we were to treat this matter as a writ petition and decide the matter on the merits, then, it may well be that further trial and appellate proceedings will be necessary to dispose of issues related to the still-pending PAGA claim.

Even if we did not have that independent reason for rejecting the request that we treat the appeal as a writ petition, we would also reject the request for the reasons the court stated in *Mid-Wilshire*:

6

"[A]n order denying a petition to vacate on substantive grounds, which are enumerated in the applicable statute [citation], is not a final disposition and, therefore, is not directly appealable. [Citations.] Review of an order denying such a petition may be had upon appeal from the judgment of confirmation or by writ of mandate.

"Appellate jurisdiction is solely within the province of our Legislature, since the right to appeal is not conferred by our Constitution but by statute. [Citation.] This court is without power to bestow jurisdiction on itself, nor may the parties create jurisdiction by consent, waiver, or estoppel.

"We also decline to assume jurisdiction by treating this appeal as a petition for writ of mandate" because "an adequate remedy lies in the direct appeal from the judgment." (*Mid-Wilshire*, *supra*, 7 Cal.App.4th at pp. 1454-1455, fns. omitted.)

The court continued: "If we were to do otherwise, we would ignore the mandate of our Supreme Court to reserve the exercise of that discretionary power for cases involving compelling evidence of 'unusual circumstances.' [Citation.] Strong policy reasons underpin the one final judgment rule, and the guidelines for 'saving' appeals from nonappealable orders. The interests of clients, counsel, and the courts are best served by maintaining, to the extent possible, bright-line rules which distinguish between appealable and nonappealable orders. To treat the instant appeal as a writ application would obliterate that bright line and encourage parties to knowingly appeal from nonappealable orders, safe in the knowledge that their appeal will be 'saved by the appellate courts.' We cannot condone or encourage such practice." (*Mid-Wilshire*, *supra*, 7 Cal.App.4th at pp. 1455-1456, fn. omitted.)

7

The parties have provided no evidence of "unusual circumstances" that would justify treating this appeal as a writ petition.  At argument, counsel for Ortiz acknowledged that no unusual circumstances exist.  We find no judicial economy to be served by piecemeal resolution of the parties' dispute.  Absent compelling evidence of unusual circumstances that would warrant treating the appeal as a writ petition, we decline to do so.

**DISPOSITION**

The appeal is dismissed.  The parties will bear their own costs on appeal.

NOT TO BE PUBLISHED


CHANEY, J.

We concur:


BENDIX, Acting P. J.


CRANDALL, J.*

---

* Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.