Filed 7/28/23  Madrigal v. Garfield Beach CVS CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| JENNIFER M. MADRIGAL,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>GARFIELD BEACH CVS, LLC,<br><br>    Defendant and Respondent. | B321255<br><br>(Los Angeles County<br>Super. Ct. No. BC695352) |

        APPEAL from an order of the Superior Court of Los Angeles County, Lia Martin, Judge.  Dismissed.
        Law Offices of Anita Grace Edwards and Anita Grace Edwards, for Plaintiff and Appellant.
        Payne & Fears, Daniel F. Fears, Andrew K. Haeffele, and Leilani E. Jones, for Defendant and Respondent.

# I. INTRODUCTION

Plaintiff Jennifer M. Madrigal appeals from an order denying her petition to vacate an arbitration award pursuant to Code of Civil Procedure section 1286.[1]  We will dismiss the appeal as having been taken from a nonappealable order.

# II. BACKGROUND

A.    *Complaint and Arbitration*

On February 20, 2018, plaintiff, a former shift supervisor for defendant Garfield Beach CVS, LLC (CVS), filed a complaint alleging gender discrimination, gender harassment, and retaliation in violation of the Fair Employment and Housing Act (FEHA; Gov. Code, § 12900 et seq.), constructive wrongful termination based on FEHA, and failure to pay final wages in violation of Labor Code sections 201 and 203.[2]

On September 18, 2018, plaintiff and CVS stipulated that they would submit plaintiff's claims "to final and binding arbitration pursuant to the terms of the [a]rbitration [a]greement" with the American Arbitration Association (AAA) as the arbitrator.  The trial court accepted the stipulation and issued a stay of the proceedings.

---

[1]    Further statutory references are to the Code of Civil Procedure unless otherwise indicated.

[2]    Plaintiff's complaint also named Robert Garcia as a defendant, but there is no record of Garcia having appeared in the trial court and he did not file a brief on appeal.

On September 5, 2019, CVS submitted the matter to AAA.

### B. *Arbitration Award*

On March 18, 2021, CVS moved the arbitrator to dismiss plaintiff's claims as being time-barred.[3] CVS contended that, according to the arbitration agreement's terms, "[a]ll claims in arbitration are subject to the same statutes of limitation that would apply in court." CVS argued that pursuant to the applicable statutes of limitation and section 1281.12, plaintiff failed to timely demand arbitration of her claims.

On May 5, 2021, the arbitrator issued an order granting CVS's motion to dismiss. On August 25, 2021, the arbitrator issued a final award in favor of CVS.

### C. *Motion to Vacate*

On November 30, 2021, plaintiff moved to vacate the arbitration award. Plaintiff argued the arbitrator exceeded her authority pursuant to section 1286.2, subdivision (a)(4), substantially prejudiced plaintiff's rights by failing to hear evidence material to the controversy in violation of subdivision (a)(5), and deprived plaintiff of a hearing on the merits of a nonwaivable statutory employment claim. Plaintiff also argued that the trial court, not the arbitrator, must determine whether the arbitration agreement was unconscionable or illegal. CVS

---

[3] CVS moved to dismiss plaintiff's first through fourth causes of action only. Plaintiff voluntarily dismissed her fifth cause of action for Labor Code violations without prejudice.

opposed the motion and requested that the court deny it and affirm the arbitration award.

On April 6, 2022, the trial court issued its order denying plaintiff's motion to vacate the arbitration award. Citing the arbitrator's factual findings and legal conclusions, the court found the arbitrator had not exceeded her authority. The court also concluded that it did not have discretion to review the arbitration award for purported errors of law or fact by the arbitrator. Further, the court found that the arbitrator had not substantially prejudiced plaintiff's rights by affirmatively refusing to hear material evidence. Finally, because of the limited scope of judicial review of arbitration awards, the court declined to review the arbitration agreement for unconscionability. In a minute order, the trial court set the matter for a "Status Conference Re: Filing of Motion to Confirm Arbitration Award," which it scheduled for September 14, 2022.[4]

Plaintiff filed a notice of appeal from the order and, according to CVS, the trial court therefore did not proceed with the scheduled September 14, 2022, hearing.

---

[4] Our Supreme Court has disapproved of this practice: "If [a petition to vacate an arbitration award] is made, the [California Arbitration] Act requires the court to settle all issues relating to the status of the arbitral award in a single proceeding, by either confirming the award (as rendered or as corrected by the court) or by vacating it. ([ ] § 1286 ['If a petition or response under this chapter is duly served and filed, the court shall confirm the award as made . . . unless in accordance with this chapter it corrects the award and confirms it as corrected, vacates the award or dismisses the proceeding']. . . .)" (*Law Finance Group, LLC v. Key* (2023) 14 Cal.5th 932, 947–948.)

4

# III.  DISCUSSION

"The right to appeal is wholly statutory.  [Citation.]" (*Dana Point Safe Harbor Collective v. Superior Court* (2010) 51 Cal.4th 1, 5.)  As relevant here, section 1294 designates the following orders relating to arbitration as appealable:  "(b) An order dismissing a petition to confirm, correct or vacate an [arbitration] award.  [¶]  . . .  [¶]  (d) A judgment entered pursuant to this title."

"[Section 1294] plainly provides for an appeal from an order 'dismissing' a petition to vacate or correct an arbitration award.  It makes no such provision for the denial of such a petition.  Moreover, the Legislature was aware of the difference between 'dismissing' and 'denying' a petition, since it used both terms in a prior subdivision of the same statute.  ([See § 1294,] subd. (a) ['dismissing or denying a petition to compel arbitration'].)  . . . Thus, an order dismissing a petition to vacate or correct on the ground that the respondent is not bound by the arbitration agreement results in a final disposition of the proceeding with respect to that party and is, therefore, directly appealable.  On the other hand, an order denying a petition to vacate on substantive grounds, which are enumerated in the applicable statute ([ ] § 1286.2), is not a final disposition and, therefore, is not directly appealable[.]  [Citations.]  Review of an order denying such a petition may be had upon appeal from the judgment of confirmation or by writ of mandate." (*Mid-Wilshire Associates v. O'Leary* (1992) 7 Cal.App.4th 1450, 1454–1455, fn. omitted (*Mid-Wilshire*).)

Plaintiff argues that the substantive effect of the April 6, 2022, order was a dismissal, rather than a denial, of her

5

motion to vacate an arbitration award, and is therefore appealable. We disagree, as the cases cited by plaintiff in support of her contention are distinguishable. (See *Maplebear, Inc. v. Busick* (2018) 26 Cal.App.5th 394, 400–401 [deeming an order denying petition to vacate, on the grounds that the court lacked discretion to consider ruling on the petition, a dismissal because its effect was to dismiss the proceedings without reaching the merits of the petition]; *Cinel v. Christopher* (2012) 203 Cal.App.4th 759, 766 [order denying petition to *confirm* award found to be dismissal and therefore appealable]; *Law Offices of David S. Karton v. Segreto* (2009) 176 Cal.App.4th 1, 9 [if trial court denies petition to vacate arbitration award, trial court must confirm award, and appeal lies from judgment entered in conformity therewith].)

Plaintiff alternatively argues that this court should treat her appeal as a premature appeal from a judgment confirming the award, citing California Rules of Court, rule 8.104(d)(2). We do not do so as there has been no entry of judgment, as plaintiff concedes.

Plaintiff also argues "there is no legal requirement that CVS file a motion to confirm the [a]rbitration [a]ward" and therefore plaintiff would have no opportunity to challenge the award. While it is true that CVS is not obligated to petition to confirm an arbitration award (see §§ 1287.6 [award that has not been confirmed or vacated has same force and effect as contract in writing between parties to arbitration], 1288 [four-year deadline to serve and file petition to confirm award])[5], the trial court has a mandatory duty to confirm the award and enter

_____

[5]     At oral argument, CVS stated that it intended to petition to confirm the award.

judgment after denying plaintiff's motion to vacate the arbitration award.  (§§ 1286, 1287.4.)  Here, the court has set a hearing for the confirmation of the award and, once the judgment is entered, plaintiff may appeal and seek review of the order denying her motion.  (*Mid-Wilshire, supra*, 7 Cal.App.4th at p. 1455.)

## IV.  DISPOSITION

The appeal is dismissed.  Defendant Garfield Beach CVS, LLC is entitled to costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM, J.

We concur:

RUBIN, P. J.

MOOR, J.

7