Filed 8/22/24  Driggers v. Southwest Traders CA3

<u>NOT</u> <u>TO</u> <u>BE</u> PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| JOHN DRIGGERS, | C099590 |
| Plaintiff and Appellant, | (Super. Ct. No. STKCVUCP20230002539) |
| v. | |
| SOUTHWEST TRADERS INC., | |
| Defendant and Respondent. | |

Appellant John Driggers (Driggers), a former employee of respondent Southwest Traders Inc. (Southwest), appeals from an order denying his petition to vacate an arbitration award.  We conclude that the order is not appealable and dismiss the appeal.

FACTUAL AND PROCEDURAL BACKGROUND

Driggers is a former employee of Southwest.  He filed a demand for arbitration against Southwest after his termination.  The arbitrator issued an order granting Southwest's motion for summary judgment.

Driggers filed a petition in the trial court to vacate the arbitration award, alleging that the arbitrator prejudicially erred in refusing to continue the motion for summary

1

judgment hearing and that the arbitration award was procured by corruption, fraud, or other unfair means.  The trial court issued an order denying the petition on its merits without confirming the arbitration award.  The record does not show that a judgment has been entered.  Driggers appealed from the order denying his petition 104 days after the entry of the order.

DISCUSSION

"An appealable judgment or order is essential to appellate jurisdiction, and the court, on its own motion, must dismiss an appeal from a nonappealable order."  (*Art Movers, Inc. v. Ni West, Inc.* (1992) 3 Cal.App.4th 640, 645.)  Therefore, as a threshold issue, we consider whether the trial court's order denying Driggers's petition to vacate the arbitration award is appealable, although neither party addresses it.  (*In re Estevez* (2008) 165 Cal.App.4th 1445, 1457-1458 ["as the question of jurisdiction is always fundamental [citation], 'a court has inherent power to inquire into jurisdiction of its own motion, regardless of whether the question is raised by the litigants' "].)

An aggrieved party may appeal from an order *dismissing* a petition to confirm, correct, or vacate an award.  (Code Civ. Proc., § 1294, subd. (b).)  "No appeal, however, will lie from an order *denying* vacation or correction of an arbitration award."  (*Mid-Wilshire Associates v. O'Leary* (1992) 7 Cal.App.4th 1450, 1454.)  "Such an order may be reviewed upon an appeal from the judgment of confirmation."  (*Ibid.*)  Because the record contains no judgment confirming the award, Driggers's appeal from the order denying vacation of the arbitration award must be dismissed.  (*Ibid.*)

We will not construe the order as a writ of mandate or an order dismissing the petition to vacate the arbitration award for two reasons.

First, a writ petition generally must be filed within 60 days of the trial court's order.  (*People v. Superior Court (Lopez)* (2005) 125 Cal.App.4th 1558, 1562.)  But Driggers did not file the instant appeal until 104 days after the challenged order, far exceeding the 60-day deadline.  Moreover, "[t]o treat the instant appeal as a writ

2

application would . . . encourage parties to knowingly appeal from nonappealable orders, safe in the knowledge that their appeal will be 'saved by the appellate courts.' We cannot condone or encourage such practice." (*Mid-Wilshire Associates v. O'Leary, supra*, 7 Cal.App.4th at p. 1456.)

Second, "[i]n determining whether the trial court's order is appealable, we look to the substance and effect of the order, rather than its label." (*Maplebear, Inc. v. Busick* (2018) 26 Cal.App.5th 394, 400.) "[A]n order denying a petition to vacate on substantive grounds . . . is not a final disposition and . . . is not directly appealable." (*Mid-Wilshire Associates v. O'Leary, supra*, 7 Cal.App.4th at p. 1454.) Here, the trial court's order denied Driggers's petition on substantive grounds and therefore cannot be construed as a dismissal. (Compare with *Maplebear, Inc.* at p. 400 [construing an order denying a petition to vacate an arbitration award as a dismissal because "its effect is to dismiss the proceeding that was initiated by [the] petition without reaching the merits"].)

DISPOSITION

The appeal is dismissed. Southwest shall recover its costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1).)

/s/
MESIWALA, J.

We concur:

/s/
DUARTE, Acting P. J.

/s/
KRAUSE, J.

3