[No. B211129. Second Dist., Div. Three. July 30, 2009.]

LAW OFFICES OF DAVID S. KARTON, A LAW CORPORATION,
Plaintiff and Appellant, v.
GIUSEPPE SEGRETO, Defendant and Respondent.

2

Law Offices of David S. Karton and David S. Karton for Plaintiff and Appellant.

Kohn Law Group and Robert E. Kohn for Defendant and Respondent.

**CROSKEY, J.**—We are here concerned with a Mandatory Fee Arbitration Act (MFAA) (Bus. & Prof. Code, § 6200 et seq.) nonbinding arbitration and the proceedings which followed when the attorney, who was successful at the arbitration, was not satisfied with the amount awarded by the arbitrators. Although the client had been willing to pay the attorney the amount of the award, the attorney petitioned the trial court to "correct" the award to include additional sums. The trial court denied the petition to correct, on the basis that the attorney sought modifications to the award beyond those which could be made by the trial court on a petition to correct (Code Civ. Proc., § 1286.6).

The attorney then returned to the arbitrators and obtained an "amendment" to the award to include the additional amounts sought. Within 30 days of service of the amended award, the client filed a request for a trial de novo. The attorney, believing that the amended award did not give the client an additional 30 days within which to seek a trial de novo, petitioned the trial court to confirm the amended award. The trial court concluded the client's request for trial de novo was valid, and denied the petition. The client then sought its attorney's fees as the prevailing party with respect to the attorney's petitions to correct and confirm. The trial court denied the client's motion for fees. The attorney appeals from the denial of the petition to confirm. The client cross-appeals from the denial of its motion for attorney's fees.

We conclude the trial court erred in its ruling on the initial petition to correct the award. The trial court, upon concluding that the award was not correctable in the manner requested by the attorney, should have confirmed the award. (Code Civ. Proc., § 1286.) Judgment should have been entered in conformity therewith. (Code Civ. Proc., § 1287.4.) The attorney would therefore have been precluded from returning to the arbitrators and obtaining an amendment of the award, and would have had the sole remedy of appealing from the trial court's judgment confirming the award. As the trial court's denial of the attorney's petition to correct the award was undoubtedly correct, a judgment confirming the initial award is the only proper resolution of this case. We therefore direct the trial court to enter a judgment confirming the initial award, and vacating the amended award.

## FACTUAL AND PROCEDURAL BACKGROUND

Attorney David S. Karton, and/or his professional corporation,[1] represented Giuseppe Segreto in an underlying action. A dispute arose regarding the fees owed by Segreto. Attorney Karton and Segreto proceeded to nonbinding arbitration under the MFAA.

In Segreto's initial petition for arbitration, Segreto represented that the amount in dispute was $42,371.16. In an arbitration brief, Attorney Karton stated the amount owed was "$42,371.16 . . . plus accrued interest plus additional costs." Apparently, the $42,371.16 amount on which both parties relied was the total due on Attorney Karton's February 23, 2007 bill, and the bill had included in its total $352.06 attributable to "interest charges."

---

[1] Attorney Karton brought this action in the name of "Law Offices of David S. Karton, ALC." In the caption of his brief, he identifies the appellant as "Law Offices of David S. Karton, A Professional Corporation." According to respondent, the actual name of Attorney Karton's corporation is "David S. Karton, A Law Corporation." We use "Attorney Karton" to refer collectively to Attorney Karton and any and all of these professional entities, as relevant.

On October 3, 2007, an arbitration hearing was held at which both parties appeared. On December 3, 2007, the arbitrators issued their award. In their findings of fact, the arbitrators stated that the "unpaid balance on [Attorney] Karton's bills was $42,371." The arbitrators concluded that, in the absence of a binding fee agreement between Attorney Karton and Segreto, Attorney Karton was entitled to recover the reasonable value of his services. The arbitrators further concluded that the amount charged by Attorney Karton "was reasonable under the circumstances and does represent the reasonable value of the services rendered." The arbitrators did not make any specific findings or conclusions regarding prejudgment interest. The arbitrators ruled in favor of Attorney Karton, in the amount of $42,371.[2]

The arbitrators' decision was served on the parties on December 14, 2007, with a notice indicating that if either party sought a trial de novo, that party must file a complaint within 30 days of the date of service of the arbitration award. (Bus. & Prof. Code, § 6204, subd. (a).) Neither party did so. Under the MFAA, the arbitration award thus became binding. (Bus. & Prof. Code, § 6203, subd. (b).)

On January 14, 2008, after the 30 days had passed and the award became binding, Segreto sent Attorney Karton a check for the full $42,371 awarded by the arbitrators. Attorney Karton rejected the check on the basis that "the amount tendered is not sufficient" because it did not include prejudgment interest.[3] Segreto responded, "[n]othing in the arbitrators' decision supports your demand for interest."

On January 17, 2008, Attorney Karton filed a petition to confirm the arbitration award. In his petition to confirm, he sought prejudgment interest from February 28, 2007. Attorney Karton, however, did not proceed on this petition, in the apparent realization that the arbitrators' award did not provide for the recovery of prejudgment interest.

On February 6, 2008, Attorney Karton filed his "First Amended Petition" to "Correct" the arbitrators' award. In summary, Attorney Karton had originally been awarded $42,371. He argued that he should instead be awarded $42,106.05 plus prejudgment interest. In order to accomplish this change, the trial court would have to (1) award prejudgment interest; (2) reallocate

---

[2] The arbitrators did not, in fact, make an "award" in favor of Attorney Karton as part of their written decision. They stated instead that Segreto's petition "is denied." However, it is apparent from the arbitrators' findings and conclusions that an award in favor of Attorney Karton in the amount of $42,371 was their intended decision, and neither party suggests otherwise.

[3] Attorney Karton also rejected the check on the basis that it was illegible. Segreto responded by sending a typewritten check.

$352.06 of the $42,371 fee award to prejudgment interest; and (3) award additional fees and costs incurred in the amount of $86.95.[4]

Segreto opposed the petition to correct the award. He did not, however, argue that the trial court should confirm the arbitrators' award. Instead, he simply requested dismissal of the petition to correct with prejudice.

The trial court concluded the "corrections" sought by Attorney Karton were outside the scope of corrections the trial court was statutorily permitted to make.[5] Concluding that there was no clerical error or miscalculation in the award, but that, instead, Attorney Karton sought *additional* fees and an *additional* award of prejudgment interest, the trial court denied the petition. The trial court did not confirm the award or dismiss the petition to correct it, but simply denied the petition. The trial court verbally told Attorney Karton to go back to the arbitrators to seek the changes to the award which he wanted.

The arbitrators may correct their award only on the same bases as a trial court.[6] (Code Civ. Proc., § 1284.) Moreover, they may only correct their award within 30 days after service of the award, and a party may only request correction within 10 days of service of the award. (Code Civ. Proc., § 1284.) However, arbitrators do possess the power to *amend* their awards, if certain requirements are met. There is a dispute in the case law as to whether a party may seek an amendment of an arbitration award after the expiration of the 10-day period in which to seek a correction of the award. This division has held that the 10-day period controls (*Century City Medical Plaza v. Sperling, Isaacs & Eisenberg* (2001) 86 Cal.App.4th 865, 881 & fn. 25 [103 Cal.Rptr.2d 605]), while Division Three of the Fourth Appellate District has held that an arbitration award may be amended at any time until the trial court confirms the award (*Delaney v. Dahl* (2002) 99 Cal.App.4th 647, 650, 659 [121 Cal.Rptr.2d 663] (*Delaney*)). The Committee on Mandatory Fee Arbitration of the State Bar of California has issued an "Arbitration Advisory" regarding the "Amendment or Supplementation of Arbitration Awards." In that advisory, the

---

[4] This does not compute exactly; the difference is attributable to the arbitrators' award of $42,371 rather than the $42,371.16 concededly in dispute.

[5] A trial court may correct the award and confirm it as corrected if (1) there was "an evident miscalculation of figures"; (2) the arbitrators exceeded their powers but the award may be corrected without affecting the merits; or (3) the award is imperfect as a matter of form, not affecting the merits. (Code Civ. Proc., § 1286.6.)

[6] Actually, the arbitrators have more limited powers, as they cannot correct their award on the basis that they exceeded their powers. (Code Civ. Proc., §§ 1284, 1286.6.)

committee recognized the dispute, and chose to follow *Delaney*. The committee therefore indicated that "an arbitrator may amend or supplement an award . . . at any time prior to judicial confirmation." (State Bar, Com. on Mandatory Fee Arbitration, Arbitration Advisory 03-02, The Amendment or Supplementation of Arbitration Awards, Mar. 27, 2003.)

In reliance on the Arbitration Advisory, on February 27, 2008, Attorney Karton requested the arbitrators amend the arbitration award. Segreto did not file any papers in opposition. On March 10, 2008, the arbitrators issued a new award. The award was not issued in addition to the prior one, it was clearly intended to supersede it. The award restated nearly all of the findings of fact of the initial award. However, the amended award adopted Attorney Karton's proposed amendments in their entirety, concluding the unpaid balance due Attorney Karton was $42,106.05, and that Attorney Karton is due "pre-award" interest in the amount of $4,748.04, plus $11.54 per day from the date of the award. The amended award was served on the parties on March 21, 2008.

On April 18, 2008, Segreto filed a request for trial de novo. This was given a separate case number and assigned to a different trial judge than the matter in which Attorney Karton had filed the petition to correct.[7] On May 16, 2008, Attorney Karton filed, in the action in which his previous petition to correct had been filed, a petition to confirm the amended award.[8] Attorney Karton acknowledged that Segreto had filed a request for trial de novo, but argued that, since 30 days had elapsed since the *initial award* had been served without a request for trial de novo, that award had become binding. Attorney Karton took the position that the arbitrators' subsequent amendment of their (then binding) initial award did not restart the 30-day clock for filing a request for trial de novo.[9] Segreto filed a response denying the allegations of Attorney Karton's petition. He did not argue in his response that the amended award should be vacated; he requested instead that the petition be dismissed with prejudice.

---

[7] Segreto filed a notice of related case. The trial judge presiding over the request for trial de novo found the cases were not related.

[8] On appeal, Segreto argues the denial of Attorney Karton's previous petition to correct the award was, in fact, a dismissal of the petition. As the court accepted the new petition to confirm for filing in the same action, clearly the court did not view those proceedings as dismissed.

[9] While the issue is not before us, we note that the possibility of amending a nonbinding arbitration award after it has become binding illustrates one of the reasons why it is inequitable to allow a party to seek amendment of an award after the 10-day period to seek correction of the award has lapsed.

After substantial briefing and two hearings, the trial court denied the petition to confirm. The trial court did not dismiss the petition as Segreto had requested, nor did it vacate the amended award. On July 29, 2008, the clerk served notice of entry of the order denying the petition to confirm.

On August 7, 2008, Segreto moved for his attorney's fees under the MFAA as the successful party on both Attorney Karton's petition to correct the initial award and Attorney Karton's petition to confirm the amended award. Segreto conceded that the language of the MFAA permits a trial court to award fees only to a party "obtaining judgment confirming, correcting, or vacating the award" (Bus. & Prof. Code, § 6203, subd. (c)), and that he had obtained none of these things. Nonetheless, he argued that, as the effect of the trial court's rulings was to nullify the arbitration award and enable him to pursue his trial de novo, he was the victorious party and should be awarded attorney's fees. The trial court denied Segreto's motion, although it acknowledged a certain unfairness in that Segreto clearly would be entitled to attorney's fees if he had sought to vacate the amended award. Nonetheless, the trial court felt bound by the clear language of the statute.

On September 29, 2008, Attorney Karton filed a timely notice of appeal from the trial court's denial of his petition to confirm the amended arbitration award.[10] Segreto filed a timely notice of appeal from the denial of his motion for attorney's fees. On appeal, Segreto filed a motion for sanctions, arguing that Attorney Karton's appeal is frivolous. We deferred ruling on the motion until resolution of the appeal on the merits.

## ISSUES ON APPEAL

There are several issues raised by the appeal and cross-appeal in this action. We conclude, however, that when the trial court denied Attorney Karton's petition to correct the initial arbitration award, the court was *required* to enter an order confirming the initial award.[11] We therefore remand with directions for the trial court to enter an order confirming the initial award. Under the circumstances, we affirm the trial court's order denying prevailing party attorney's fees to Segreto.

---

[10] This had the effect of staying the trial de novo.

[11] On an appeal, we may review any intermediate nonappealable ruling. (Code Civ. Proc., § 906.) As the parties did not brief the propriety of the trial court's intermediate ruling on the petition to correct the initial arbitration award, we requested the parties to be prepared to address it at oral argument, and granted the opportunity to file additional letter briefs on the issue.

## DISCUSSION

█ Our analysis begins and ends with Code of Civil Procedure section 1286. That section is found in chapter 4 of title 9 of part 3 of the Code of Civil Procedure. This chapter is entitled "Enforcement of the [Arbitration] Award," and deals with petitions to confirm, correct, or vacate an arbitration award. Code of Civil Procedure section 1286 reads, "If a petition or response under this chapter is duly served and filed, the court shall confirm the award as made, whether rendered in this state or another state, unless in accordance with this chapter it corrects the award and confirms it as corrected, vacates the award or dismisses the proceedings." The Legislature's use of the word "shall" renders this provision mandatory. (*Louise Gardens of Encino Homeowners' Assn., Inc. v. Truck Ins. Exchange, Inc.* (2000) 82 Cal.App.4th 648, 658 [98 Cal.Rptr.2d 378].) "Under Code of Civil Procedure section 1286, once a petition to confirm, correct, or vacate is filed, the superior court has only four choices: It may (1) confirm the award, (2) correct the award and confirm it as corrected, (3) vacate the award, or (4) dismiss the proceedings." (*Sunnyvale Unified School Dist. v. Jacobs* (2009) 171 Cal.App.4th 168, 175 [89 Cal.Rptr.3d 546].) "A party to an arbitration may seek to vacate or correct the award or to have it confirmed. [Citation.] Upon a petition seeking any of those results, the court *must confirm* the award, *unless* it either vacates or corrects it. [Citation.]" (*Louise Gardens of Encino Homeowners' Assn., Inc. v. Truck Ins. Exchange, Inc., supra*, 82 Cal.App.4th at p. 658, original italics.)

█ Attorney Karton duly petitioned to correct the initial award. The trial court did not correct the award, vacate the award, or dismiss the petition.[12] It was therefore required to confirm the award. The trial court's failure to confirm the award under these circumstances is understandable, as Segreto

---

[12] Segreto had asked that the petition be dismissed; the trial court clearly rejected that option. In any event, a petition may be dismissed solely on the ground that the party named as respondent was not bound by the arbitration award and was not a party to the arbitration. (Code Civ. Proc., § 1287.2; *Mid-Wilshire Associates v. O'Leary* (1992) 7 Cal.App.4th 1450, 1454–1455 [9 Cal.Rptr.2d 862].) In his petition for rehearing, Segreto notes that there are other proper bases for dismissing a petition to confirm an arbitration award, such as if the petition is filed after the four-year period set forth in Code of Civil Procedure section 1288, or after a party to a nonbinding arbitration award has filed a timely request for trial de novo. We agree that such other bases exist, and do not intend by this opinion to set forth all of the valid procedural bases on which a petition to confirm an arbitration award may be dismissed. Indeed, it may be that a petition to confirm, vacate or correct an award may be dismissed on any procedural basis that would justify dismissal of any other civil action. However, what is clear from the language of the Code of Civil Procedure is that a petition to vacate or correct an award cannot be dismissed simply because sufficient reasons have not been presented to grant it. Without an independent basis justifying dismissal of a petition to correct or vacate, if the petition is not granted, the trial court must confirm the award, not dismiss the petition as a means of denying it. Thus, in this case, dismissal was not a viable option.

had failed to ask the trial court to confirm the award in his response to Attorney Karton's petition.[13]

Moreover, the strict limitations of Code of Civil Procedure section 1286 are seldom acknowledged in case law. Code of Civil Procedure section 1294, governing appealability, indicates that an aggrieved party may appeal from an order "dismissing a petition to confirm, correct or vacate an award," an order "vacating an award unless a rehearing in arbitration is ordered"; or "[a] judgment entered [on confirmation of an award]." (Code Civ. Proc., § 1294, subds. (b), (c), (d); see *id.*, § 1287.4.) Courts have struggled with this language, as it seems to fail to allow for an appeal from an order *denying* a petition to confirm, correct or vacate an award. (E.g., *Perez v. Grajales* (2008) 169 Cal.App.4th 580, 588 [86 Cal.Rptr.3d 784] [denial of a motion to confirm]; *Mid-Wilshire Associates v. O'Leary, supra,* 7 Cal.App.4th at pp. 1453–1454 [denial of a motion to vacate or correct].) Yet, the failure of Code of Civil Procedure section 1294 to provide for appealability of an order denying a petition to confirm, correct or vacate an award is easily understood in the context of Code of Civil Procedure section 1286. If a trial court dismisses the petition, it results in an appealable order. (Code Civ. Proc., § 1294, subd. (b).) If the trial court which does not dismiss the petition also does not correct or vacate an arbitration award, it *must* confirm the award. Entry of judgment in conformity therewith is required (Code Civ. Proc., § 1287.4), resulting in an appealable judgment under Code of Civil Procedure section 1294, subdivision (d). Similarly, if the nondismissing trial court does not confirm the award (or confirm at as corrected), the court must vacate it, resulting in an appealable order under Code of Civil Procedure section 1294, subdivision (c). All possible outcomes are provided for under Code of Civil Procedure section 1294; confusion only arises when a trial court enters an order outside the scope of its powers as itemized in Code of Civil Procedure section 1286.

Similarly, the failure to acknowledge the limitations on a trial court's powers under Code of Civil Procedure section 1286 is the cause of the confusion engendered by Segreto's request for attorney's fees under Business and Professions Code section 6203, subdivision (c). That subdivision provides for prevailing party attorney's fees to the party "obtaining judgment confirming, correcting, or vacating the [MFAA] award." The trial court was concerned, in this case, about the inequity that arises when a party successfully opposes a petition to confirm the award, but is not entitled to

---

[13] We do not speculate as to Segreto's reasons for failing to ask that the award be confirmed, although we do question the wisdom of his decision. Segreto had clearly been willing to be bound by the initial award, he twice sent Attorney Karton a check in the full amount of the award. Moreover, if he *had* sought to confirm the award, he would have been successful in doing so, rendering himself eligible for an award of prevailing party attorney's fees under Business and Professions Code section 6203, subdivision (c).

attorney's fees under the plain language of this statute because the party did not obtain an order vacating the award. Yet Code of Civil Procedure section 1286 provides only three options if the trial court does not dismiss the petition: confirm the award, correct the award, or vacate the award; Business and Professions Code section 6203 provides for prevailing party attorney's fees in all three situations. The inequity simply does not arise if the trial court acts on the petition according to Code of Civil Procedure section 1286.

We now consider the facts of the instant case. While Attorney Karton's petition to confirm the amended award raised novel issues, it is clear that the petition to confirm the amended award never would have been filed, and the award never amended, had the trial court complied with Code of Civil Procedure section 1286 when it denied Attorney Karton's earlier petition to correct the initial arbitration award. Upon denying that petition, the trial court should have entered an order confirming the initial arbitration award. Attorney Karton would then have been barred from seeking an amended award under even the lenient standard of *Delaney, supra,* 99 Cal.App.4th at page 659, as no amendments can be sought *after* the trial court confirms the award.[14]

The only issue left for appellate resolution is thus whether the trial court erred in denying the petition to correct the initial arbitration award. Clearly, the court did not. The only possible statutory basis for correcting the award was "an evident miscalculation of figures." (Code Civ. Proc., § 1286.6, subd. (a).) Attorney Karton did not seek correction of a mathematical error; he sought (1) prejudgment interest not previously awarded; and (2) compensation for additional fees and costs not previously awarded. Both of these things are outside the scope of a statutorily permitted correction. The trial court therefore did not err in denying the petition to correct the award. Nor were there proper grounds to vacate the award (Code Civ. Proc., § 1286.2) or dismiss the petition (Code Civ. Proc., § 1287.2). Thus, the trial court should have then entered an order, and judgment, confirming the initial award. We direct that the trial court do so on remand.

There remains the issue of prevailing party attorney's fees. We are directing that the trial court enter judgment confirming the initial arbitration award; the prevailing party obtaining an order confirming an arbitration award may be awarded its attorney's fees. In this particular case, we believe it would be an abuse of discretion to award either party attorney's fees for obtaining an order confirming the initial award. We reach this conclusion because neither party *sought* an order confirming the initial arbitration award,

[14] Assuming *Delaney* applies, the proper procedure for a party seeking amendment of an arbitration award is to seek that amendment from the arbitrators *prior to* invoking the trial court's jurisdiction.

and did not call to the trial court's attention its obligation to confirm the award under Code of Civil Procedure section 1286.[15] The result was a waste of limited court resources, expenditures of thousands of dollars in attorney's fees (and an equivalent amount of Attorney Karton's time); and a second, unnecessary, arbitration award. Neither party should be rewarded for allowing this course of events to occur.

## DISPOSITION

The order denying the petition to confirm the amended arbitration award is vacated, and the matter is remanded with directions for the trial court to enter an order (1) confirming the initial arbitration award and (2) vacating the amended arbitration award, and to enter judgment in conformity therewith. The order denying Segreto's motion for attorney's fees is affirmed. Segreto's motion for sanctions on appeal is denied. The parties are to bear their own costs on appeal.

Klein, P. J., and Kitching, J., concurred.

A petition for a rehearing was denied August 19, 2009, and the opinion was modified to read as printed above. Respondent's petition for review by the Supreme Court was denied October 14, 2009, S176085.

---

[15] Attorney Karton initially filed a petition to confirm the award, but did not pursue it. Segreto initially attempted to pay Attorney Karton the amount of the award, but, when Attorney Karton rejected his payment, did not pursue confirmation of the award.