Filed 1/6/22  Sylvania v. Acre Investment Real Estate Services CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| SYLVANIA, L.P., | D078152 |
| Cross-complainant and Appellant, | |
| v. | (Super. Ct. No. 37-2017-00017395-CU-OR-CTL) |
| ACRE INVESTMENT REAL ESTATE SERVICES, INC. et al., | |
| Cross-defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of San Diego County, Richard S. Whitney, Judge.  Affirmed.

La Jolla Law Group and Brien James O'Meara, Kent L. Sharp for Cross-complainant and Appellant.

Lagasse Branch Bell Kinkaid and Traci S. Lagasse, Ara M. Baghdassarian for Cross-defendants and Respondents.

Sylvania, L.P. (Sylvania) appeals the superior court's order confirming an arbitration award in favor of respondents ACRE Investment Real Estate Services, Inc. (ACRE), a real estate brokerage and Kenneth Herskind, a real estate salesperson and agent for ACRE.  Sylvania contends the arbitrator: (1)

exceeded his powers by awarding real estate commission damages of $81,000 to Herskind, who was not a named cross-complainant or a licensed real estate broker under the commission agreement; and (2) erroneously failed to award Sylvania $80,000 in damages against Herskind, despite finding that Herskind's professional negligence damaged Sylvania.

Respondents contend: (1) Sylvania failed to timely seek correction of the award with the arbitrator or in the superior court, and because it further failed to respond to ACRE's petition to confirm the award within 10 days as required by Code of Civil Procedure[1] section 1290.6, it cannot raise for the first time on appeal any legal arguments that the award should be vacated or corrected; (2) Sylvania failed to object to respondents' proposed judgment before the trial court's final judgment; (3) the arbitrator did not exceed his powers in issuing the award; (4) in any event, Sylvania's claims of legal error are not subject to judicial review; and (5) this appeal is moot based on a stipulation in which Herskind transferred to ACRE his rights under the judgment. We affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

In September 2016, Sylvania retained ACRE to represent it in the sale of four properties and agreed to pay ACRE a commission of 3.5 percent of the transaction price. The commission agreement included an arbitration clause governing any disputes or claims arising between Sylvania and ACRE.

Sylvania and a prospective buyer, Barzal & Scotti Real Estate Corporation (Barzal), entered into a purchase agreement for the sale of the properties for $4,600,000. However, Sylvania's principal, Steven Kozmary,

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

2

declined to proceed with the sale to Barzal after disputes arose with both Barzal and Herskind.

Barzal sued Sylvania, seeking specific performance of the real estate contract for the purchase of Sylvania's four properties.

Sylvania cross-complained against Barzal, ACRE, and Herskind, alleging causes of action for fraud/deceit, professional negligence, breach of fiduciary duty, constructive fraud, and rescission of contract. Sylvania alleged: "Herskind is a real estate agent for defendant brokerage ACRE. In the transaction at issue in this complaint, ACRE and Herskind acted as a dual agent for both the Seller/Sylvania and the Buyer/Barzal." (Some capitalization omitted.) Sylvania identified Herskind as a "codefendant" along with ACRE and Barzal, and alleged that they "were the agents and employees of their co-defendants, and in doing the things alleged in this cross-complaint, were acting within the course and scope of that agency and/or employment. Said cross-defendants ratified and approved the conduct of each other at all times stated herein." (Some capitalization omitted.) Sylvania sought $300,000 in damages.

ACRE cross-complained against Sylvania for breach of contract and quantum meruit to recover its 3.5 percent commission of $161,000 under the commission agreement.

The court granted Barzal's petition to compel arbitration. In June 2019, Barzal and Sylvania settled their claims against each other, and Sylvania agreed to sell the properties to Barzal for $4,850,000. The claims between Sylvania and respondents remained in arbitration.

On January 9, 2020, the arbitrator issued an arbitration award, concluding Herskind had not acted fraudulently: "Based upon the review of the entire transaction, the Arbitrator cannot make the finding that

Herskind's conduct amounted to either constructive fraud or willful intentional deceit. Where there is no disloyalty, bad faith, or fraud, an agent is not deprived of his right to compensation." The arbitrator further concluded Herskind and ACRE were entitled to recover the 3.5 percent commission fee of $161,000 because they had complied with statutory disclosures regarding Herskind's dual agency. The arbitrator nonetheless found that Herskind's dual representation in this transaction fell below the standard of care, and awarded Kozmary and Sylvania "$80,000 from Herskind-ACRE on [Kozmary's] professional negligence claim." The arbitrator issued a final award "in favor of Herskind-ACRE for $81,000," reflecting "the commission award to Herskind-ACRE for $161,000, minus the award to Kozmary/Sylvania on the professional negligence claim for $80,000."

On February 7, 2020, respondents filed their petition to confirm the arbitration award and requested the court award them statutory interest as of February 2017.

On July 6, 2020, Sylvania filed its opposition to the petition, arguing the court should not correct the final arbitration award under section 1286.6, as "no statutory grounds exist for the correction of the arbitration award . . . [t]herefore the addition of prejudgment interest to the arbitration award is against the law." (Some capitalization omitted.) Sylvania also pointed out, "In ACRE's prayer for relief, ACRE sought prejudgment interest, an award of attorneys' fees, and costs. The final arbitration award did not include any of these items and certainly did not include any prejudgment interest, fees, or costs." Sylvania argued ACRE did not properly notice or submit any evidence to show why any interest should be awarded.

On July 16, 2021, ACRE and Herskind filed a stipulation with the superior court stating that Herskind "no longer has any rights to claim any

4

portion of the arbitration award or judgment against Sylvania, and that all rights to the arbitration award and judgment against Sylvania belong solely to ACRE."[2] (Some capitalization omitted.)

On July 17, 2020, the court confirmed the award, pointing out that Sylvania did not comply with the time limit set forth in section 1290.6: "The petition was filed and served on February 7, 2020. No response was filed within 10 days, but on July 6, 2020. . . . Without a response to the petition, the Court must confirm the award." The court added: "The only point of disagreement is over the $22,950 in prejudgment interest requested," which was not included in the arbitration award. The court found that the omission of prejudgment interest was not an evident error as it could have been the arbitrator's intentional decision, there was no basis to conclude the arbitrator exceeded his powers, and any error was not reversible.

On July 21, 2020, the court entered judgment in favor of respondents and against Sylvania in the amount of $81,000. Later that day, Sylvania filed its objection to respondents' proposed judgment, contending it "improperly states judgment is in favor of [ ] Herskind and against Sylvania" because "[t]he $81,000[ ] awarded was only for commission to the broker, ACRE, as only ACRE and not Herskind filed a cross-complaint for commissions against Sylvania." (Some capitalization omitted.)

The next day, respondents filed a notice of entry of judgment.

DISCUSSION

We conclude Sylvania did not timely file a response to respondents' motion to confirm the arbitration award. Respondents complied with section 1288, which requires that a petition to vacate an arbitration award be filed

---

[2] We grant respondents' request to take judicial notice of this stipulation as a court record under Evidence Code section 452, subdivision (d).

5

and served not later than 100 days after service of the award. Section 1288.2 imposes the same deadline on a response to a petition to confirm an arbitration award when the response requests that the award be vacated. These deadlines are jurisdictional. (*Santa Monica College Faculty Assn. v. Santa Monica Community College Dist.* (2015) 243 Cal.App.4th 538, 544-545; *Douglass v. Serenivision, Inc.* (2018) 20 Cal.App.5th 376, 384-385.)

Section 1290.6 provides that a response to a petition to confirm an award must be served and filed "within 10 days after service of the petition" (or within 30 days if the petition is served by mail outside the state). It also provides that the "time provided in this section for serving and filing a response may be extended by an agreement in writing between the parties to the court proceeding or, for good cause, by order of the court."

In interpreting the provisions of sections 1288.2 and 1290.6, "we must give effect to both statutes if possible. [Citations.] The two sections may easily be read together to provide that, when a petition to confirm an arbitration award is filed, a response requesting that the award be vacated must be filed within 10 days of the petition (plus any extensions), and in any event no later than 100 days after service of the award. A response that fails to comply with either deadline is untimely." (*Law Finance Group, LLC v. Key* (2021) 67 Cal.App.5th 307, 319, as modified on denial of rehearing Aug. 19, 2021, review granted Nov. 10, 2021, S270798.)

Sylvania did not file a petition to vacate the arbitration award or respond to respondent's petition to confirm within the 100-day limit; rather, it responded approximately five months after respondents filed their petition. Accordingly, the trial court correctly concluded it lacked jurisdiction to consider Sylvania's request to vacate, and confirmed the arbitration award. Section 1286 states that, if a petition to confirm is duly served and filed, "the

6

court *shall* confirm the award as made," unless the award is corrected or vacated or the proceeding is dismissed. (§ 1286, italics added.) "The Legislature's use of the word 'shall' renders this provision mandatory." (*Law Offices of David S. Karton v. Segreto* (2009) 176 Cal.App.4th 1, 8.) Confirmation of an arbitration award "is the mandatory outcome *absent* the correction or vacatur of the award or the dismissal of the petition." (*Eternity Investments, Inc. v. Brown* (2007) 151 Cal.App.4th 739, 745, citing § 1286.)

Although the court based its ruling on Sylvania's failure to timely respond to the petition to confirm the award, Sylvania does not address this issue in its opening brief. In its reply brief, Sylvania concedes it did not file a response to the petition within 10 days. However, with no citation to the record, Sylvania asserts that in the trial court, certain COVID-19 emergency orders effectively stayed all proceedings for 69 days.[3] Sylvania has provided us no copy of the trial court's minute order exempting Sylvania from complying with the statutory filing requirements, making impossible any meaningful analysis of this claim. California Rules of Court, rule

---

[3]    In full, Sylvania claims: "As the court is aware, the hearing on the said petition occurred after the COVID-19 emergency orders were issued. The emergency orders, and the pandemic in general leading up to the same, caused some confusion as it related to hearings, proceedings, and oppositions, which included the said objection that Herskind should not be awarded any commission as it was not before the arbitrator and it would be illegal for the arbitrator to make such an award. [¶] The COVID-19 emergency orders effectively stayed all proceedings between March 17, 2020[,] and May 25, 2020 (69 days). These 69 days were deemed court holidays. Due to the service of the arbitration decision and award on January 9, 2020[,] and emergency order that was put in place thereafter, and in that the response and request by Sylvania to correct the arbitration decision and award to eliminate Herskind's illegal award of commission was filed on July 6, 2020, Sylvania filed within 100 days after service of the copy of arbitration decision and award pursuant Code of Civil Procedure sections 1288 and 1288.2. [*sic*.]" (Some capitalization omitted.)

7

8.204(a)(1)(C) provides that each appellate brief must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." Courts interpret this rule to mean that the assertions of fact set forth in an appellate brief must be supported by a citation to the part of the record where that fact appears. (See *Brewer v. Murphy* (2008) 161 Cal.App.4th 928, 936, fn. 4 [defendants' assertion of fact not supported by citation to record]; see also *In re S.C.* (2006) 138 Cal.App.4th 396, 406 [party must cite to the record showing exactly where objections in the trial court were made].) Because Sylvania fails to cite to the record in violation of this appellate rule, we are entitled to disregard this portion of its brief. (Cal. Rules of Court, rule 8.204(a)(1)(C); *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246; *McOwen v. Grossman* (2007) 153 Cal.App.4th 937, 947; *Yeboah v. Progeny Ventures, Inc.* (2005) 128 Cal.App.4th 443, 451.)

We point out that, in any event, even if Sylvania had timely challenged the arbitrator's award or replied to respondents' petition to confirm the award, the arguments raised on this appeal would be forfeited because in order to challenge an award in court, a litigant must have raised the point before the arbitrator. (*Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 30-31, [concluding that "[f]ailure to raise the claim before the arbitrator, however, waives the claim for any future judicial review"]; accord, *Comerica Bank v. Howsam* (2012) 208 Cal.App.4th 790, 829-830 and cases cited therein.) Sylvania did not raise before the arbitrator the arguments it raises in this appeal.

DISPOSITION

The judgment is affirmed.  Respondent ACRE is awarded costs on appeal.


O'ROURKE, J.

WE CONCUR:


McCONNELL, P. J.


DO, J.