Filed 2/23/24  Kapur v. Superior Court CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| RAHUL KAPUR et al., | B324023 |
| Petitioners, | (Los Angeles County Super. Ct. No. 19SMCV02112) |
| v. | |
| THE SUPERIOR COURT OF LOS ANGELES COUNTY, | |
| Respondent; | |
| EDWARD D. PAN et al., | |
| Real Parties in Interest. | |

ORIGINAL PROCEEDINGS in mandate.
Mark H. Epstein, Judge.  Petition denied.
Law Offices of Harold J. Light, Harold J. Light and
Bruce A. Gilbert for Petitioners.
No appearance for Respondent.

Haight Brown & Bonesteel and Arezoo Jamshidi for Real Parties in Interest.

_____

Rahul Kapur and Gretchen Kapur (the Kapurs) appeal from the trial court's denial of their petition to vacate an arbitration award in favor of respondents Edward D. Pan and Leonie Pan (the Pans).  The Kapurs contended the arbitrator showed bias when, on the eve of the deadline for the Pans to request attorney fees, the arbitrator informed the parties that the memorandum of costs the Pans filed was not the proper method to seek fees, and directed them instead to file a noticed fees motion.  The trial court rejected the Kapurs' claim of arbitrator bias.

An order denying a petition to vacate an arbitration award is not appealable; to avoid unnecessary delay, however, we construe this purported appeal as a petition for a writ of mandate and address the merits.  We hold the Kapurs have failed to put forth evidence from which a reasonable person might believe the arbitrator was biased against them.  Accordingly, we deny their writ petition.

## BACKGROUND

The arbitration at issue concerned the Kapurs' claims for breach of contract and fraud arising from the Pans' selling them a home.

On July 28, 2021, in advance of the arbitration, the arbitrator issued an order stating, inter alia, "The Arbitrator's decision shall be in writing setting forth Arbitrator's findings of fact and conclusions of law.  Where applicable, attorneys' fees are

2

to be sought by separate motion and costs by Memorandum of Costs after an Interim Award is issued."

The arbitration took place over four days from August 10 to August 13, 2021. On February 28, 2022, the arbitrator issued an interim award finding in favor of the Pans on all claims. The award stated, "This Interim Award is binding and is intended to address all issues in dispute even if not expressly discussed herein, except as to the determination of an award of expenses to [the Pans], to the extent allowable. Any claim for expenses, attorney's fees and costs shall be made within 15 days of service of this Interim Award. If a claim for expenses is submitted, any opposition shall be submitted within 10 days following service of the claim for expenses. Any reply shall be submitted within 5 days of service of the opposition. If no claim for expenses is timely made, this Interim Award shall be issued as the Final Award of the Arbitrator."

On March 14, 2022, the Pans' counsel sent an e-mail to the arbitrator and the Kapurs' counsel attaching a cost memorandum that included $252,282 in attorney fees.

Approximately five hours later, a case manager from the arbitration services provider sent an e-mail to all counsel (case manager's e-mail). Because the case manager's e-mail is central to the Kapurs' arguments on appeal, we quote it at length.

The e-mail stated, "The Arbitrator [h]as advised me to inform the parties as follows: [¶] 'Absent agreement by the parties for an award of attorney fees, an arbitrator has no power under California state rules to award attorney fees in arbitration proceedings. The statutory default in arbitrations is that each party must bear his or her own fees and expenses and share the costs of the arbitration. (CCP § 1284.2; *Thompson v. Jespersen*

3

(1990) 222 Cal.App.3d 964, 967–968.)  Where the parties'
agreement authorizes an award of fees and costs to either party,
it is properly enforced by the arbitrator.  (See Civil Code § 1717.)
[¶]  Here, the Interim Award provides that any claim for
attorneys' fees and costs is required to be made within 15 days
following issuance of the Interim Award.  The Arbitrator is in
receipt of a Memorandum of Costs.  Given the law above, the
party seeking fees and costs bears the burden of establishing a
legal right to fees and costs and must make the request pursuant
to a notice[d] motion.  A memorandum of costs, which allows the
Court to enter costs on a judgment, does not have the same
procedural effect in Arbitration.  Additionally, the inclusion of
attorneys' fees in the memorandum of costs is only allowed where
the statutory or contractual amount is fixed.  Otherwise, a
noticed motion is required.  [¶]  Please proceed accordingly.' "
(Boldface omitted.)

On March 15, 2022, the Pans submitted a notice of motion
and motion for attorney fees and costs.  The Kapurs opposed,
arguing, inter alia, the case manager's e-mail constituted legal
advice to the Pans, and therefore demonstrated bias on the part
of the arbitrator.

On April 12, 2022, the arbitrator issued a ruling awarding
the Pans $252,282 in fees and $55,231.15 as costs.  Responding to
the Kapurs' claim of bias, the ruling stated that in the Interim
Award, "[t]he Arbitrator did not specify that fees and costs would
need to be sought by noticed motion.  Upon receipt of the
Memorandum of Costs from [the Pans'] counsel, and in order to
clarify the ambiguity in the Interim Arbitration Award, the
Arbitrator provided procedural information regarding [the Pans']
burden of proof and need to file a noticed motion, not just a

4

memorandum of costs.  [¶]  Legal advice was not provided.  Only procedural information regarding the inapplicability of a memorandum of costs only for seeking fees and costs in arbitration."

On April 27, 2022, the arbitrator issued the final award. On June 8, 2022, the Kapurs filed a petition in the trial court to vacate the award, again asserting the case manager's e-mail demonstrated the arbitrator's bias.

The trial court issued a written tentative ruling denying the petition to vacate.  The court disagreed that the case manager's e-mail constituted legal advice or otherwise demonstrated bias.  "The arbitrator was merely setting forth the proper way by which a fee award could be sought, as the arbitrator later clarified."  Following argument the court adopted the tentative "as amplified by the comments on the record today" as the order of the court.

Notice of the trial court's order was filed on August 19, 2022.  The Kapurs filed a notice of appeal from the order on October 7, 2022.

## APPEALABILITY

A denial of a motion to vacate an arbitration award is not an appealable order—rather, "[r]eview of an order denying a petition to vacate may only be had upon appeal from the *judgment of confirmation* or by writ of mandate." (*Ahdout v. Hekmatjah* (2013) 213 Cal.App.4th 21, 30; see *Mid-Wilshire Associates v. O'Leary* (1992) 7 Cal.App.4th 1450, 1454.)  Here, the trial court has neither confirmed the arbitration award nor entered judgment in favor of the Pans.

The Kapurs urge us nonetheless to treat the trial court's order denying their motion to vacate as an order confirming the

award. The Kapurs claim the Pans have been dilatory in seeking confirmation of the award, the implication being that it is the Pans that have prevented the Kapurs from obtaining a final ruling from which to appeal.[1]

The Kapurs could have resolved this procedural quandary below, despite any purported delay by the Pans. Code of Civil Procedure[2] section 1285 provides, "Any party to an arbitration in which an award has been made may petition the court to confirm, correct or vacate the award." Section 1286, in turn, provides, "If a petition or response under this chapter is duly served and filed, the court shall confirm the award as made, . . . unless in accordance with this chapter it corrects the award and confirms it as corrected, vacates the award or dismisses the proceedings." Section 1287.4 then directs that "[i]f an award is confirmed, judgment shall be entered in conformity therewith."

The significance of section 1286 is that " 'once a petition to confirm, correct, or vacate is filed, the superior court has only

_____

[1] At the time the Kapurs filed their notice of appeal, the Pans had not yet petitioned the trial court to confirm the award. Eleven months later, after the Kapurs had filed their opening brief, the Pans filed a petition to confirm. On October 13, 2023, the trial court denied the Pans' petition without prejudice "as the Court is not confident that it has jurisdiction." The trial court stated that if it had jurisdiction, "the petition would be granted." On our own motion, we take judicial notice of the Pans' petition and the minute order, although they do not affect our holdings either as to appealability or to the merits of the Kapurs' challenges to the trial court's ruling. (Evid. Code, §§ 452, subd. (d), 459.)

[2] Undesignated statutory citations are to the Code of Civil Procedure.

four choices:  It may (1) confirm the award , (2) correct the award and confirm it as corrected, (3) vacate the award, or (4) dismiss the proceedings.'  [Citation.]"  (*Law Offices of David S. Karton v. Segreto* (2009) 176 Cal.App.4th 1, 8 [*David S. Karton*].)  " 'Upon a petition seeking any of those results,' " therefore, " 'the court *must confirm* the award, *unless* it either vacates or corrects it.  [Citation.]'  [Citation.]"  (*Ibid.*)

Section 1286 ensures that when the trial court denies a petition to vacate, the petitioner is not stuck in procedural limbo, unable to appeal because the prevailing party has yet to seek confirmation of the award and final judgment.  (See *David S. Karton*, *supra*, 176 Cal.App.4th at p. 9.)  This is because, upon denying the petition to vacate, the trial court " '*must confirm* the award.' "  (*Id.* at p. 8.)  The Kapurs could have asked the trial court, having denied their motion to vacate, to confirm the award and enter judgment so the Kapurs could take their appeal.

That said, it would cause unnecessary delay and burden on the parties, the trial court, and this court to dismiss this appeal, when the inevitable and legally mandated outcome will be for the trial court to confirm the award and enter judgment, after which the Kapurs would refile their appeal.  We therefore grant the Kapurs' alternative request to treat their appeal as a petition for a writ of mandate, and address their arguments on the merits.  (See *Olson v. Cory* (1983) 35 Cal.3d 390, 401 ["To dismiss the appeal rather than exercising our power to reach the merits through a mandate proceeding would, under the unusual circumstances before us, be ' "unnecessarily dilatory and circuitous." ' "].)

7

## DISCUSSION

### A. Governing Law

When "an arbitrator has issued an award, the decision is ordinarily final and thus 'is not ordinarily reviewable for error by either the trial or appellate courts.' [Citation.]" (*Sheppard, Mullin, Richter & Hampton, LLP v. J-M Manufacturing Co., Inc.* (2018) 6 Cal.5th 59, 72.) This is so " 'whether or not such error appears on the face of the award and causes substantial injustice to the parties.' " (*SingerLewak LLP v. Gantman* (2015) 241 Cal.App.4th 610, 616, quoting *Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 6 (*Moncharsh*).) The reason for this rule is that "parties who enter into arbitration agreements are presumed to know the arbitrator's decision will be final and binding; 'arbitral finality is a core component of the parties' agreement to submit to arbitration.' [Citation.]" (*SingerLewak*, at p. 616, quoting *Moncharsh*, at p. 10.)

The Code of Civil Procedure specifies grounds upon which the trial court may vacate an arbitration award despite the general rule of finality. (See § 1286.2, subd. (a).) The Kapurs sought to vacate the award under section 1286.2, subdivision (a)(1)–3, which apply when "[t]he award was procured by corruption, fraud or other undue means," "[t]here was corruption in any of the arbitrators," or "[t]he rights of the party were substantially prejudiced by misconduct of a neutral arbitrator."

"On appeal, we review de novo a trial court's decision on undisputed facts to confirm, correct or vacate an arbitration award." (*Taska v. The RealReal, Inc.* (2022) 85 Cal.App.5th 1, 9.) Like the trial court, "we may not ' "review the merits of the dispute, the sufficiency of the evidence, or the arbitrator's

8

reasoning, nor may we correct or review an award because of an arbitrator's legal or factual error, even if it appears on the award's face. Instead, we restrict our review to whether the award should be vacated under the grounds listed in section 1286.2." ' [Citation.]" (*State Farm Mutual Automobile Ins. Co. v. Robinson* (2022) 76 Cal.App.5th 276, 282.)

## B.     The Kapurs Fail To Demonstrate the Arbitrator Was Corrupt or Biased

The Kapurs contend that the case manager's e-mail, which "explain[ed] the legal reasons why the Cost Memorandum was not sufficient to allow an award of attorney's fees," then "instruct[ed] counsel for the Pans to 'proceed accordingly' " "constitute[d] legal advice" to the Pans. The Kapurs contend this demonstrates "manifest bias on the part of the Arbitrator favoring the Pans for the corrupt purpose of ensuring that the day before the deadline to request an award of attorney's fees, counsel for the Pans did not fail to file a required motion for those fees." The Kapurs argue the arbitrator's misconduct prejudiced them because "had the Pans failed to submit a timely fee motion, they would have been unable to collect any of the attorney's fees they sought to recover from the Kapurs." "[I]nstead of standing back and letting the cards fall where they may, the Arbitrator . . . acted as the Pans' benefactor, in defiance of the Kapurs' right to have a neutral arbitrator, and contrary to the Arbitrator's official duty of impartiality and fairness."

The Kapurs contend the arbitrator's bias is made yet clearer by the arbitrator's response to the Kapur's challenge to the fees award, in which the arbitrator stated the case manager's e-mail was intended not as legal advice, but to "clarify the ambiguity in the Interim Arbitration Award" as to how the Pans

9

were to request fees.  The Kapurs argue there was no ambiguity, because the Interim Award was clear, and the July 28, 2021 pre-arbitrator order expressly stated that "attorneys' fees are to be sought by separate motion and costs by Memorandum of Costs after an Interim Award is issued."  The Kapurs further note the case manager's e-mail made no reference to any ambiguity in the interim award.  The Kapurs thus argue the arbitrator's explanation that he was clarifying an ambiguity mischaracterizes the record, and "unquestionably further evidences arbitrator corruption."

The Kapurs additionally argue the arbitrator demonstrated bias by ruling against them on all of their claims "despite the clear and irrefutable evidence and law supporting certain of those positions."  The Kapurs contend, "Especially in light of [the arbitrator's] later actions" described above, the arbitrator's rulings against their claims "without any doubt evidenced an impression of possible (if not actual) bias in respect to this matter."

" 'An impression of possible bias in the arbitration context means that one could reasonably form a belief that an arbitrator was biased *for or against a party for a particular reason.*' " (*Haworth v. Superior Court* (2010) 50 Cal.4th 372, 389.) Reviewing the matter de novo, we agree with the trial court that there is no evidence upon which a reasonable person might believe the arbitrator was corrupt or biased in favor of the Pans. Through the case manager's e-mail, the arbitrator was in essence issuing a tentative decision denying the cost memorandum on procedural grounds and allowing the Pans to submit a new fee request under the proper procedures.  (See *Holloway v. Quetel* (2015) 242 Cal.App.4th 1425, 1434 [courts "routinely" "clearly

10

identify[ ] the defects or omissions in the moving party's papers" in tentative rulings].)  This is no different than if the arbitrator had denied the cost memorandum as procedurally improper, then granted a continuance for the Pans to submit a proper motion, actions that are fully within the powers of a court or arbitrator and that no reasonable person would conclude suggested bias.

Indeed, in the absence of limitations in the arbitration agreement itself, arbitrators have greater flexibility when it comes to procedure than trial courts do.  (See *Sanchez v. Western Pizza Enterprises, Inc.* (2009) 172 Cal.App.4th 154, 177 (*Sanchez*) [arbitrators have "broad discretion with respect to the procedures and law governing the arbitration," except to the extent "the parties otherwise agree"]; *Moncharsh*, *supra*, 3 Cal.4th at p. 11 [" The arbitrators are not bound to award on principles of dry law, but may decide on principles of equity and good conscience, and make their award *ex aequo et bono* [according to what is just and good].' "].)

The Kapurs' contend that "had the Pans failed to submit a timely fee motion, they would have been unable to collect any of the attorney's fees they sought," but fail to cite any authority suggesting the deadline set by the arbitrator was jurisdictional or otherwise unchangeable.  Again, had the arbitrator denied the cost memorandum on procedural grounds after expiration of the deadline, the arbitrator would have been within his authority to grant the Pans more time to submit a proper fees motion.  (See *Sanchez*, *supra*, 172 Cal.App.4th at p. 177.)

We reject the Kapurs' argument that the arbitrator mischaracterized the record by stating that the case manager's e-mail was just clarifying an ambiguity in the interim award, and the mischaracterization evidences the arbitrator's bias.  The

11

Kapurs cite no authority that misstating the record is evidence of bias as opposed to simple error. Regardless, there was no mischaracterization here. The interim award nowhere suggested the Pans should request fees and costs through two different methods, but instead referred to "[a]ny claim for expenses, attorney's fees and costs," which arguably suggests all could be sought via a single "claim." Although the pre-arbitration order stated that fees should be sought by noticed motion whereas costs could be obtained through a memorandum, the arbitrator issued that order seven months before issuing the interim award, and the order's language arguably was in tension with the interim award's language suggesting all fees and costs could be combined in a single claim. The arbitrator's conclusion that the interim award was ambiguous as to the method of requesting fees and costs is a fair reading of the record.

We also reject the Kapurs' contention that the arbitrator's rulings against their breach of contract and fraud claims are further evidence of bias. "When making a ruling, a judge interprets the evidence, weighs credibility, and makes findings. In doing so, the judge necessarily makes and expresses determinations in favor of and against parties. How could it be otherwise? We will not hold that every statement a judge makes to explain his or her reasons for ruling against a party constitutes evidence of judicial bias." (*Moulton Niguel Water Dist. v. Colombo* (2003) 111 Cal.App.4th 1210, 1219.) This reasoning applies equally to arbitrators. Given our conclusion the case manager's e-mail and the arbitrator's subsequent explanation of that e-mail do not establish bias or an appearance of bias, we have no basis to examine the arbitrator's merits rulings.

12

The Court of Appeal in *David S. Karton,* upon concluding there was no basis to correct or vacate the award, directed the trial court on remand to confirm the award. (See *David S. Karton, supra,* 176 Cal.App.4th at p. 10.) We requested supplemental briefing from the parties as to whether we should do the same, assuming we upheld the denial of the Kapurs' petition to vacate. The Pans urge us to do so. The Kapurs concede we have the authority to do so. Because we conclude the trial court properly denied the Kapurs' petition to vacate the award, we direct the trial court to confirm the award and enter judgment in favor of the Pans. (§§ 1286, 1287.4; *David S. Karton,* at p. 10.)

## DISPOSITION

The petition for a writ of mandate is denied. The matter is remanded with directions for the trial court to enter an order confirming the arbitration award and to enter judgment in conformity therewith. The Pans are awarded their costs in this proceeding.

NOT TO BE PUBLISHED.

BENDIX, J.

We concur:

ROTHSCHILD, P. J.                    WEINGART, J.