Filed 4/26/23  McCarty v. Kaiser Foundation Hospitals CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| KODY McCARTY,<br><br>    Petitioner and Appellant,<br><br>    v.<br><br>KAISER FOUNDATION HOSPITALS et al.,<br><br>    Respondents. | B313796<br><br>(Los Angeles County Super. Ct. No. 21STCP00455) |

APPEAL from an order of the Superior Court of Los Angeles County, treated as an original petition for writ of mandate, Gregory Keosian, Judge. Petition denied.

Franklin L. Ferguson, Jr. for Petitioner and Appellant

Cole Pedroza, Kenneth R. Pedroza, Matthew S. Levinson; La Follette, Johnson, DeHaas, Fesler & Ames, Brian M. Meadows and Myra Firth for Respondents.

# INTRODUCTION

Kody McCarty appeals from an order denying his petition to vacate an arbitrator's grant of summary judgment in favor of Kaiser Foundation Hospitals and Southern California Permanente Medical Group's (collectively, Kaiser). Although an order denying a petition to vacate an arbitrator's award is not appealable, we exercise our discretion to treat the appeal as a petition for writ of mandate. For the reasons discussed below, we deny the petition.

## FACTUAL AND PROCEDURAL BACKGROUND

McCarty was a member of Kaiser's health plan and executed an arbitration agreement under which he agreed to arbitrate claims of medical malpractice. In March 2019, McCarty served Kaiser with a demand for arbitration, alleging medical malpractice. McCarty alleged he had been "experiencing severe, painful symptoms emanating from an initial misdiagnosis, as well as a litany of prescribed medications, all originating from the actions of Dr. Jeffrey Siegel."

Kaiser moved for summary judgment, contending no triable issues of material fact existed regrading Kaiser's compliance with the applicable standard of care in its treatment of McCarty. McCarty opposed the motion, and submitted declarations from two experts in support of his opposition. On October 28, 2020, after hearing oral argument, the arbitrator granted Kaiser's motion. The arbitrator found McCarty's experts presented no reliable foundation for their opinions, and concluded McCarty had not met his burden of showing a triable issue of fact exists.

On November 12, 2020, McCarty moved for a new trial. The arbitrator denied the motion on January 11, 2021.

On February 5, 2021, McCarty petitioned the superior court to vacate the award. (Code Civ. Proc., § 1285.)[1] He served the petition on Kaiser on April 7, 2021. McCarty argued the arbitrator exceeded her authority, refused to hear evidence useful to settle the dispute, and failed to make timely disclosures. Kaiser opposed the petition, arguing the petition is untimely because it was served on Kaiser more than 100 days after the date of service of the award (see § 1288), and, alternatively, there is no statutory basis upon which to vacate the award. Kaiser also asked the trial court to confirm the award.

The court denied the petition to vacate. It concluded the petition was untimely and, even if it were timely, McCarty failed to "articulate a basis upon which to grant relief." McCarty appeals from the order denying his petition to vacate.[2]

## DISCUSSION

### A.    *Appealability*

Although Kaiser has not objected to McCarty's appeal on jurisdictional grounds, the existence of an appealable judgment or order "is a jurisdictional prerequisite to an appeal." (*Jennings v. Marralle* (1994) 8 Cal.4th 121, 126.) We have an "independent obligation" to review whether we have jurisdiction over an

---

[1]    All further undesignated statutory references are to the Code of Civil Procedure.

[2]    We issued an order to show cause why the appeal should not be dismissed as having been taken from a nonappealable order. McCarty filed a response, and we deferred ruling until after appellate briefs were filed. We address the issue in Section A of the Discussion, *infra*.

3

appeal. (*California Redevelopment Assn. v. Matosantos* (2011) 53 Cal.4th 231, 252.)

Section 1294 defines the arbitration orders that may be appealed: "(a) An order dismissing or denying a petition to compel arbitration. [¶] (b) An order dismissing a petition to confirm, correct or vacate an award. [¶] (c) An order vacating an award unless a rehearing in arbitration is ordered. [¶] (d) A judgment entered pursuant to this title. [¶] (e) A special order after final judgment."

An order denying a petition to vacate an arbitration award is not listed in section 1294, and therefore is not directly appealable. (*Kaiser Foundation Health Plan, Inc. v. Superior Court* (2017) 13 Cal.App.5th 1125, 1138, fn. 9 ["Section 1294's list of appealable orders does not include orders denying petitions to confirm, correct, or vacate an award . . ."].) That is because, under the California Arbitration Act (CAA), when a party petitions to confirm, correct, or vacate an arbitration award, "'the superior court has only four choices: It may (1) confirm the award, (2) correct the award and confirm it as corrected, (3) vacate the award, or (4) dismiss the proceedings.'" (*Law Offices of David S. Karton v. Segreto* (2009) 176 Cal.App.4th 1, 8.) Thus, after denying the petition to vacate, the trial court ordinarily confirms the arbitration award and enters an appealable judgment. (See *Mid-Wilshire Associates v. O'Leary* (1992) 7 Cal.App.4th 1450, 1454-1455 (*Mid-Wilshire*).) But the trial court apparently did not do so here. No final judgment confirming the award appears in the record.

While we could dismiss the appeal for lack of appellate jurisdiction (see *Mid-Wilshire, supra*, 7 Cal.App.4th at p. 1454), we may deem an appeal from a nonappealable order as a petition

4

for writ of mandate, provided there are "unusual circumstances." (*Olson v. Cory* (1983) 35 Cal.3d 390, 401.) We conclude such circumstances are present here. Although Kaiser, in its opposition to McCarty's petition, requested the court confirm the arbitration award, the court seemingly did not respond to its request. Requiring McCarty to return to the trial court to obtain an appealable judgment would impose needless delay and unnecessary costs. Kaiser has not argued the issue of jurisdiction and has substantively addressed the merits of the appeal. Under these circumstances, we exercise our discretion to treat the appeal as a petition for a writ of mandate.

## B.  *Legal Principles and Standard of Review*

"Any party to an arbitration in which an award has been made may petition the court to confirm, correct or vacate the award." (§ 1285.) "A petition to vacate an award or to correct an award shall be served and filed not later than 100 days after the date of the service of a signed copy of the award on the petitioner." (§ 1288.)

"The scope of judicial review of arbitration awards is extremely narrow because of the strong public policy in favor of arbitration and according finality to arbitration awards." (*Ahdout v. Hekmatjah* (2013) 213 Cal.App.4th 21, 33 (*Ahdout*).) Thus, "an arbitrator's decision is not generally reviewable for errors of fact or law, whether or not such error appears on the face of the award and causes substantial injustice to the parties." (*Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 6 (*Moncharsh*).) "However, Code of Civil Procedure section 1286.2 provides limited exceptions to this general rule." (*Ahdout, supra*, 213 Cal.App.4th at p. 33.) "The party seeking to vacate an arbitration award bears the burden of establishing that one of the

5

six grounds listed in section 1286.2 applies and that the party was prejudiced by the arbitrator's error." (*Royal Alliance Associates, Inc. v. Liebhaber* (2016) 2 Cal.App.5th 1092, 1106.)

McCarty relies on section 1286.2, subdivisions (a)(4) and (a)(5) as the statutory basis for challenging the award. Subdivision (a)(4) allows a court to vacate an award when "[t]he arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted." (§ 1286.2, subd. (a)(4).) Under subdivision (a)(5), the court shall vacate the award if "[t]he rights of the party were substantially prejudiced . . . by the refusal of the arbitrators to hear evidence material to the controversy or by other conduct of the arbitrators contrary to the provisions of this title." (§ 1286.2, subd. (a)(5).)

We review the trial court's order denying McCarty's petition to vacate the arbitration award de novo. (*Bacall v. Shumway* (2021) 61 Cal.App.5th 950, 957.)

## C. *Analysis*

Preliminary, the parties dispute whether the petition is timely under section 1288. Kaiser contends the petition is untimely because McCarty served the petition on Kaiser more than 100 days after the date of service of the arbitrator's order granting Kaiser's motion for summary judgment. (See § 1288 [petition to vacate an award "shall be served and filed not later than 100 days after the date of the service of a signed copy of the award on the petitioner"].) McCarty counters that the 100-day clock did not start ticking until the arbitrator served the order denying McCarty's motion for a new trial. It follows, according to McCarty, that his petition to vacate is timely because he filed and served the petition within 100 days of the date of service of the

6

order denying his motion for a new trial. But even if we assume without deciding that the petition is timely, as discussed in greater detail below, McCarty has not established any of the conditions for vacating an arbitration award set out in section 1286.2, subdivision (a).

McCarty contends the arbitrator exceeded her authority by: (1) granting summary judgment on the issue of informed consent when, according to McCarty, the issue is ordinarily a question for the trier of fact and expert testimony is not necessary to establish the absence of informed consent; (2) declining to find the alleged lack of informed consent caused McCarty's injuries; (3) "rejecti[ng]" McCarty's "expert testimony"; and (4) "disregard[ing]" statements in McCarty's declaration purportedly establishing damages. We conclude the crux of these arguments is a challenge to the legal and factual findings of the arbitrator, placing it beyond the permissible scope of our review.

An arbitrator exceeds her powers within the meaning of section 1286.2, subdivision (a)(4) by issuing an award that "violates a party's unwaivable statutory rights or that contravenes an explicit legislative expression of public policy." (*Richey v. AutoNation, Inc.* (2015) 60 Cal.4th 909, 916.) But, ""[a]rbitrators do not ordinarily exceed their contractually created powers simply by reaching an erroneous conclusion on a contested issue of law or fact, and arbitral awards may not ordinarily be vacated because of such error. . . ."" (*Id.* at p. 917.)

McCarty fails to identify an "unwaivable statutory right" purportedly violated by the award. Nor does he identify an "explicit legislative expression of public policy." The closest he comes is vaguely asserting the arbitrator disregarded summary judgment standards, which "compose a very significant aspect of

California's public policy 'bedrock.'" Holding an arbitrator exceeded her powers every time she supposedly violated "summary judgment standards"—by e.g., granting a summary judgment motion when, in the petitioner's view, evidence established triable issues of fact—would "permit the exception to swallow the rule of limited judicial review; a litigant could always contend the arbitrator erred and thus exceeded [her] powers." (*Moncharsh, supra*, 3 Cal.4th at p. 28.) Accordingly, we reject McCarty's contention that vacation of the award is warranted under section 1286.2, subdivision (a)(4) merely because, in his view, the arbitrator erroneously concluded no issues of material fact existed on the issue of informed consent, and found McCarty's expert declarations to be conclusory and lack foundation.

McCarty also seeks vacatur of the award under section 1286.2, subdivision (a)(5), which applies when "[t]he rights of the party were substantially prejudiced . . . by the refusal of the arbitrator[ ] to hear evidence material to the controversy." McCarty argues the arbitrator prejudiced McCarty's rights by failing to consider the medical records cited by his experts, on the purportedly erroneous ground that the records had not been properly authenticated.

"The "vacation of an award for 'refusal . . . to hear evidence material to the controversy' . . . must rest on more than a simple error in applying the rules of evidence." (*Heimlich v. Shivji* (2019) 7 Cal.5th 350, 368 (*Heimlich*).) "Instead, it was designed as a 'safety valve in private arbitration that permits a court to intercede when an arbitrator has prevented a party from fairly presenting its case.' [Citation.] It comes into play, for example, when an arbitrator, without justification, permits only one side to

8

present evidence on a disputed material issue." (*Ibid*.) "To allow an arbitration award to be set aside under section 1286.2, subdivision (a)(5), whenever an erroneous legal ruling results in the exclusion of evidence deemed important would undermine a foundation of the Arbitration Act, that an arbitrator's legal error ordinarily is not judicially reviewable." (*Id*. at p. 370.)

Here, McCarty's contention that the arbitrator erred by ruling the records were not properly authenticated targets an alleged error of law (i.e., that the arbitrator misapplied the rules of evidence), taking it beyond the scope of our review. (*Heimlich, supra*, 7 Cal.5th at p. 370.) Moreover, McCarty fails to demonstrate substantial prejudice from the alleged error, but merely states (without explanation) that exclusion of the records "negatively prejudice[ed] [his] cause."

For these reasons, we conclude McCarty failed to demonstrate the trial court erred in denying his petition to vacate the arbitration award.[3]

---

3    We note that McCarty argued in the trial court that the arbitrator failed to disclose within the time for disclosure a ground for disqualification of which the arbitrator was then aware. (§ 1286.2, subd. (a)(6)(A).) McCarty mentions this issue for the first time in the conclusion of his appellate brief, perhaps inadvertently, because the sentence is in a paragraph that appears to have been copied and pasted from McCarty's petition to vacate the arbitration award. Because McCarthy does not argue the point and support it with reasoned argument and reference to legal authority, we deem this contention forfeited and decline to address it further. (See *Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852 [points of error raised but unsupported by reasoned argument and citations to legal authority may be treated as forfeited].)

## DISPOSITION

The petition for writ of mandate is denied. Kaiser is awarded its costs in this proceeding.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


CURREY, Acting P. J.

We concur:


COLLINS, J.


DAUM, J.*

---

\*      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to Article VI, section 6, of the California Constitution.